Capuozzo v Miller (2020 NY Slip Op 07026)





Capuozzo v Miller


2020 NY Slip Op 07026


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2018-08908
 (Index No. 603425/16)

[*1]Michael Capuozzo, et al., appellants,
v
Carlyle . Miller, et al., respondents.


The Yankowitz Law Firm (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellants.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York, NY (Gregory P. Regensburg of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (George R. Peck, J.), dated May 24, 2018. The order granted the defendants' motion for leave to amend their answer to assert the emergency doctrine as an affirmative defense and denied the plaintiffs' cross motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, the defendants' motion for leave to amend their answer to assert the emergency doctrine as an affirmative defense is denied, and the plaintiffs' cross motion for summary judgment on the issue of liability is granted.
On November 20, 2015, at about 5:00 p.m., a vehicle operated by the plaintiff Michael Capuozzo (hereinafter Michael), in which the plaintiff Antonietta Capuozzo (hereinafter Antonietta) was a passenger, was struck in the rear by a pickup truck operated by the defendant Carlyle V. Miller and owned by the defendants North Shore University Hospital and Northwell Health, Inc. The accident occurred in the left southbound lane of Lakeville Road in Lake Success. The plaintiffs commenced this personal injury action against the defendants. The defendants moved for leave to amend their answer to assert the emergency doctrine as an affirmative defense. The plaintiffs cross-moved for summary judgment on the issue of liability. The Supreme Court granted the defendants' motion and denied the plaintiffs' cross motion. The plaintiffs appeal.
"'A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle'" (Ordonez v Lee, 177 AD3d 756, 757, quoting Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see McLaughlin v Lunn, 137 AD3d 757, 757). "'A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision to rebut the inference of negligence'" (D'Avilar v Lu, 184 AD3d 774, 774, quoting Jimenez v Ramirez, 171 AD3d 902, 903).
Here, the plaintiffs established their prima facie entitlement to judgment as a matter [*2]of law on the issue of liability through their deposition testimony and the deposition testimony of Miller. Michael testified that the vehicle he was operating was traveling in the left southbound lane of Lakeville Road at about 10 to 15 miles per hour when the vehicle traveling in front of him came to a gradual stop in the middle of the roadway. Michael testified that he gradually brought his vehicle to a complete stop approximately 10 to 15 feet away from the vehicle in front of him. Both Michael and Antonietta testified that approximately five seconds later, the vehicle in which they were traveling was struck in the rear by the pickup truck operated by Miller. Miller testified that at the time of the accident, traffic was moderate, meaning "[s]low" and "[l]ots of cars," and that the plaintiffs' vehicle was stopped when his pickup truck struck the rear of that vehicle.
In opposition, the defendants failed to raise a triable issue of fact as to whether there was a nonnegligent explanation for the happening of the accident, or whether the emergency doctrine applied to this case (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). "[T]he emergency doctrine does not apply to typical accidents involving rear-end collisions because trailing drivers are required to leave a reasonable distance between their vehicles and vehicles ahead" (Lowhar-Lewis v Metropolitan Transp. Auth., 97 AD3d 728, 729; see Ordonez v Lee, 177 AD3d at 757; Shehab v Powers, 150 AD3d 918, 920). Although the defendants submitted a police accident report and the affidavit of Miller, both of which contained statements that the plaintiffs' vehicle made a sudden stop behind a vehicle that came to an abrupt stop in front of them, Miller testified at his deposition that he could not recall the speed at which he was traveling, or when he first observed the plaintiffs' vehicle, prior to the accident. "Without such evidence, the assertion that the [plaintiffs'] vehicle came to a sudden stop was insufficient to rebut the inference that [Miller] was negligent" (Auguste v Jeter, 167 AD3d 560, 560-561; see Mallen v Su, 67 AD3d 974, 975), and failed to demonstrate that the emergency doctrine was applicable to this case (see Vehicle and Traffic Law § 1129[a]; Ordonez v Lee, 177 AD3d at 757; Shehab v Powers, 150 AD3d at 920; Comas-Bourne v City of New York, 146 AD3d 855, 856; see also Jacobellis v New York State Thruway Auth., 51 AD3d 976, 977).
For this same reason, the Supreme Court should have denied the defendants' motion for leave to amend their answer to assert the emergency doctrine as an affirmative defense inasmuch as the proposed amendment was palpably insufficient or patently devoid of merit (see generally McLaughlin v Lunn, 137 AD3d at 758; Paglen v Shane, 51 Misc 3d 1206[A], 2016 NY Slip Op 50436[U] [Sup Ct, Suffolk County]).
Accordingly, the Supreme Court should have denied the defendants' motion for leave to amend their answer to assert the emergency doctrine as an affirmative defense and should have granted the plaintiffs' cross motion for summary judgment on the issue of liability.
BALKIN, J.P., COHEN, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court