McPhaul-Guerrier v Leppla (2022 NY Slip Op 00418)





McPhaul-Guerrier v Leppla


2022 NY Slip Op 00418


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
SHERI S. ROMAN
DEBORAH A. DOWLING, JJ.


2019-00599 
2019-05061
2019-11212
 (Index No. 502334/14)

[*1]Janice Patricia McPhaul-Guerrier, et al., appellants, 
v
Keriann Leppla, et al., defendants, Zelda R. Simmons, et al., respondents.


William H. Sweeney, Jr., Hauppauge, NY (Michael R. Marino of counsel), for appellants.
London Fischer LLP, New York, NY (Anna Drynda and Luis T. Cornacchia III of counsel), for respondents.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Debra Silber, J.), dated December 6, 2018, (2) a judgment of the same court dated February 13, 2019, and (3) an order of the same court dated September 5, 2019. The order dated December 6, 2018, granted the motion of the defendants Zelda R. Simmons and Independent Coach Corp. for summary judgment dismissing the complaint insofar as asserted against them, and denied the plaintiffs' cross motion for summary judgment on the issue of liability against those defendants. The judgment, insofar as appealed from, upon the order dated December 6, 2018, dismissed the complaint insofar as asserted against the defendants Zelda R. Simmons and Independent Coach Corp. The order dated September 5, 2019, denied the plaintiffs' motion for leave to renew their opposition to the motion of the defendants Zelda R. Simmons and Independent Coach Corp. for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the appeal from the order dated December 6, 2018, is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that order dated September 5, 2019, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants Zelda R. Simmons and Independent Coach Corp.
The appeal from the order dated December 6, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order dated December 6, 2018 are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff Janice McPhaul-Guerrier (hereinafter the injured plaintiff) commenced an action to recover damages for personal injuries she allegedly sustained while an adult passenger in a school bus, which was the middle vehicle in a three-vehicle chain-collision accident on the Southern State Parkway. The injured plaintiff's husband, Pierre Andre Guerrier, commenced a derivative action. The actions were subsequently consolidated. Thereafter, the defendant Zelda R. Simmons, who was the operator of the school bus, and the defendant Independent Coach Corp. (hereinafter ICC; hereinafter together the ICC defendants), the owner of the school bus, moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiffs opposed the motion and cross-moved for summary judgment on the issue of liability against the ICC defendants. In an order dated December 6, 2018, the Supreme Court granted the ICC defendants' motion and denied the plaintiffs' cross motion. By judgment dated February 13, 2019, upon the order dated December 6, 2018, the court, inter alia, dismissed the complaint insofar as asserted against the ICC defendants. The plaintiffs then moved for leave to renew their opposition to the ICC defendants' motion for summary judgment. In an order dated September 5, 2019, the court denied the plaintiffs' motion. The plaintiffs appeal.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709). "'A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision to rebut the inference of negligence'" (Mihalatos v Barnett, 175 AD3d 492, 493, quoting Jiminez v Ramirez, 171 AD3d 902, 903). "Evidence that a vehicle was struck in the rear and propelled into the vehicle in front of it may provide a sufficient non-negligent explanation for the collision" (Daniel v Ian-Michael, 188 AD3d 1155, 1156 [internal quotation marks omitted]). Thus, in a three-vehicle chain-collision accident, the defendant operator/owner of the middle vehicle "may establish prima facie entitlement to judgment as a matter of law by demonstrating that the middle vehicle was properly stopped behind the lead vehicle when it was struck from behind by the rear vehicle and propelled into the lead vehicle" (id. at 1156 [internal quotation marks omitted]; see Mihalatos v Barnett, 175 AD3d at 493; Arellano v Richards, 162 AD3d 967, 967-968; Chuk Hwa Shin v Correale, 142 AD3d 518, 519).
Here, in support of their motion, the ICC defendants submitted evidence that Simmons safely brought the school bus to a stop—or was safely slowing down to a stop—behind the lead vehicle, which had already come to a stop or was almost at a complete stop in the middle travel lane of the parkway, and that while stopped or safely slowing down, the school bus was struck in the rear by a vehicle operated by the defendant Keriann Leppla, propelling the school bus forward into the lead vehicle. Under these circumstances, the ICC defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they were not at fault in the happening of the accident (see Daniel v Ian-Michael, 188 AD3d 1156; Mihalatos v Barnett, 175 AD3d at 493). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the ICC defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, and properly denied the plaintiffs' cross motion for summary judgment on the issue of liability against the ICC defendants.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]; see Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1020-1021). Here, the Supreme Court providently exercised its discretion in determining that the alleged new facts offered by the plaintiffs would not have changed the prior determination (see Moyal v Dewhurst, 177 AD3d 666, 667). Accordingly, the court properly denied the plaintiffs' motion for leave to renew their opposition to the ICC defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
The plaintiffs' remaining contention is without merit.
CONNOLLY, J.P., HINDS-RADIX, ROMAN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court