Nicola v Nicolas (2022 NY Slip Op 05041)

Nicola v Nicolas

2022 NY Slip Op 05041

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2020-08537
 (Index No. 508906/19)

[*1]Charles E. Nicola, appellant, 
v
Oblin Nicolas, et al., respondents, et al., defendants.

Cherny & Podolsky PLLC, Brooklyn, NY (Mari Milorava-Kelman of counsel), for appellant.
Roe & Associates, New York, NY (James Feehan of counsel), for respondents Sara NY Corp. and Anton Khilkevich.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated June 8, 2020. The order, insofar as appealed from, granted those branches of the motion of the defendant Oblin Nicolas and the cross motion of the defendants Sara NY Corp. and Anton Khilkevich which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the defendants Sara NY Corp. and Anton Khilkevich.
This action arises out of a multiple-vehicle rear-end chain collision that occurred at an intersection in Brooklyn. At the time of the accident, the subject lane of travel was controlled by a red traffic signal. The lead vehicle in the chain was operated by the plaintiff, the second vehicle was operated by the defendant Oblin Nicolas, the third vehicle in the chain was owned by the defendant Sara NY Corp. and operated by the defendant Anton Khilkevich (hereinafter together the Khilkevich defendants), and the fourth, and last, vehicle in the chain was owned by the defendant Brook Trailer Service, Inc (hereinafter Brook Trailer). The plaintiff commenced this action against the defendants to recover damages for personal injuries.
Nicolas moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him, asserting that his vehicle was stopped at a red traffic light behind the plaintiff's vehicle when his vehicle was struck in the rear by the Khilkevich defendants' vehicle and propelled into the plaintiff's vehicle. The Khilkevich defendants cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, arguing that their vehicle was stopped behind the Nicolas vehicle at the traffic light when it was struck in the rear by the Brook Trailer vehicle and propelled into the Nicolas vehicle. In an order dated June 8, 2020, the Supreme Court granted Nicolas' motion and the Khilkevich defendants' cross motion. The plaintiff appeals.
Contrary to plaintiff's contention, the respective motion and cross motion of Nicolas and the Khilkevich defendants were not premature. The plaintiff failed to establish that discovery [*2]might lead to relevant evidence, or that the facts essential to justify opposition to the motion and cross were exclusively within the knowledge and control of the defendants (see CPLR 3212[f]; Kerolle v Nicholson, 172 AD3d 1187, 1189; Williams v Spencer-Hall, 113 AD3d 759, 760).
"'A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle'" (Mihalatos v Barnett, 175 AD3d 492, 492-493, quoting Jimenez v Ramirez, 171 AD3d 902, 903 [internal quotation marks omitted]). "'A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonngeligent explanation for the collision to rebut the inference of negligence'" (Mihalatos v Barnett, 175 AD3d at 493, quoting Jimenez v Ramirez, 171 AD3d at 903). "Evidence that a vehicle was struck in the rear and propelled into the vehicle in front of it may provide a sufficient non-negligent explanation" (Williams v Sala, 152 AD3d 729, 729 [internal quotation marks omitted]). Therefore, in a "chain-collision accident, the defendant operator/owner of the middle vehicle may establish prima facie entitlement to judgment as a matter of law by demonstrating that the middle vehicle was properly stopped behind the lead vehicle when it was struck from behind by the rear vehicle and propelled into the lead vehicle" (McPhaul-Guerrier v Leppla, 201 AD3d 920, 922 [internal quotation marks omitted]; see Arellano v Richards, 162 AD3d 967, 967-968; Chuk Hwa Shin v Correale, 142 AD3d 518, 519).
Here, Nicolas established his prima facie entitlement to judgment as a matter of law by submitting his affidavit, which demonstrated that he was completely stopped at the red traffic light behind the plaintiff's vehicle when his vehicle was struck in the rear by the Khilkevich defendants' vehicle and propelled into the plaintiff's vehicle, and that he was not at fault in the happening of the accident (see McPhaul-Guerrier v Leppla, 201 AD3d at 922; Mihalatos v Barnett, 175 AD3d at 493; Arellano v Richards, 162 AD3d at 968). Likewise, the Khilkevich defendants established their prima facie entitlement to judgment as a matter of law by submitting the Khilkevich affidavit, which demonstrated that Khilkevich was completely stopped at the red traffic light behind the Nicolas vehicle when his vehicle was struck in the rear by the Brook Trailer vehicle and propelled into the Nicolas vehicle, and that he too was not at fault in the happening of the accident (see McPhaul-Guerrier v Leppla, 201 AD3d at 922; Mihalatos v Barnett, 175 AD3d at 493; Arellano v Richards, 162 AD3d at 968).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's affidavit submitted in opposition to the respective motion and cross motion of Nicolas and the Khilkevich defendants was inconsistent with his statement in the police accident report, and the plaintiff failed to provide any explanation for the inconsistency. Contrary to the plaintiff's contention, he has waived his hearsay objections to the police accident report, as he submitted the report in support of his opposition and relied upon it (see Cook v Supreme Sys., Inc., 146 AD3d 602, 603; Cruz v Skeritt, 140 AD3d 554, 554; see generally Field v Waldbaum, Inc., 35 AD3d 652, 653-654; Raso v Statewide Auto Auction, 262 AD2d 387, 387-388). Therefore, under these circumstances, it is apparent that the plaintiff's "affidavit was carefully tailored to raise a triable issue of fact, and merely raised a feigned factual issue which was insufficient to defeat the motion [and cross motion] for summary judgment" (Lara v Saint John's Univ., 289 AD2d 457, 457).
Accordingly, the Supreme Court properly granted those branches of Nicolas' motion and the Khilkevich defendants' cross motion which were for summary judgment dismissing the complaint insofar as asserted against each of them.
In light of our determination, we need not reach the plaintiff's remaining contentions.
DUFFY, J.P., BARROS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court