Robinson v New York City Tr. Auth. (2023 NY Slip Op 00683)

Robinson v New York City Tr. Auth.

2023 NY Slip Op 00683

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2019-14089
 (Index No. 22133/10)

[*1]Liya Robinson, appellant, 
v
New York City Transit Authority, et al., defendants, Ghilan Noman Ali, et al., respondents.

G. Wesley Simpson, P.C., Brooklyn, NY, for appellant.
James G. Bilello & Associates, Hicksville, NY (Patricia McDonagh of counsel), for respondent Ghilan Noman Ali.
Jaffe & Velazquez, LLP, New York, NY (Jacob B. Weisfeld of counsel), for respondent Deserie Calliste.

DECISION & ORDER
In an action to recover damages for personal injures, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated September 13, 2019. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Ghilan Noman Ali and Deserie Calliste which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents.
In July 2009, multiple vehicles were involved in a rear-end chain collision that occurred at an intersection in Brooklyn. The intersection was controlled by a traffic light. A bus struck the rear of a vehicle in which the plaintiff was a passenger. That collision caused the vehicle in which the plaintiff was a passenger to strike the vehicle in front of it. That vehicle was propelled into the vehicle in front of it, which was driven by the defendant Ghilan Noman Ali. Ali's vehicle then struck a vehicle driven by the defendant Deserie Calliste.
The plaintiff commenced this action against, among others, Ali and Calliste, to recover damages for personal injuries she allegedly sustained due to the collision. Ali moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him. Calliste separately moved, among other things, for summary judgment dismissing the complaint insofar as asserted against her. The Supreme Court, inter alia, granted those branches of the separate motions, and the plaintiff appeals.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nicola v Nicolas, 208 AD3d 791, 792-793 [internal quotation marks omitted]; see Mihalatos v Barnett, 175 AD3d 492, 492-493; Jimenez v Ramirez, 171 AD3d 902, 903). "A rear-end collision with a stopped or stopping vehicle establishes a prima facie case [*2]of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision to rebut the inference of negligence" (Nicola v Nicolas, 208 AD3d at 793 [internal quotation marks omitted]). "Evidence that a vehicle was struck in the rear and propelled into the vehicle in front of it may provide a sufficient non-negligent explanation" (id. [internal quotation marks omitted]). "Therefore, in a chain-collision accident, the defendant operator/owner of the middle vehicle may establish prima facie entitlement to judgment as a matter of law by demonstrating that the middle vehicle was properly stopped behind the lead vehicle when it was struck from behind by the rear vehicle and propelled into the lead vehicle" (id. [internal quotation marks omitted]; see McPhaul-Guerrier v Leppla, 201 AD3d 920, 922).
Here, Ali established his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him by submitting evidence demonstrating that his vehicle was completely stopped at a red traffic light behind Calliste's vehicle when his vehicle was struck in the rear by another vehicle and propelled into Calliste's vehicle, and that he was not at fault in the happening of the collision (see Nicola v Nicolas, 208 AD3d at 793). Likewise, Calliste established her prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against her by submitting evidence demonstrating that her vehicle was completely stopped at the red traffic light when it was struck in the rear by Ali's vehicle, and that she was not at fault in the happening of the collision (see id.). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly granted those branches of the separate motions of Ali and Calliste which were for summary judgment dismissing the complaint insofar as asserted against each of them.
DILLON, J.P., BARROS, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court