Sougstad v Capuano (2023 NY Slip Op 01912)

Sougstad v Capuano

2023 NY Slip Op 01912

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
HELEN VOUTSINAS, JJ.

2021-02657
 (Index No. 607490/19)

[*1]Richard C. Sougstad, appellant,
v
John J. Capuano, et al., respondents.

Heilig, Branigan & Miller, LLP, Holbrook, NY (Michael J. Miller of counsel), for appellant.
Gentile & Tambasco (James G. Bilello, Hicksville, NY [Alina Vengerov], of counsel), for respondents John J. Capuano and Michelle J. Capuano.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondents Anthony M. Capuano and Christopher J. Capuano.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (William G. Ford, J.), dated March 4, 2021. The order, insofar as appealed from, granted those branches of the motion of the defendants John J. Capuano and Michelle J. Capuano, and the separate motion of the defendants Anthony M. Capuano and Christopher J. Capuano, which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
In June 2018, near Exit 63 on the eastbound side of the Long Island Expressway, a vehicle driven by the plaintiff struck the rear of a vehicle owned by the defendant Michelle J. Capuano and operated by the defendant John J. Capuano, which in turn caused that vehicle to strike a vehicle owned by the defendant Anthony M. Capuano and operated by the defendant Christopher J. Capuano. The plaintiff commenced this action against the defendants to recover damages for personal injuries, alleging that the defendant drivers were negligent in the operation their vehicles. Thereafter, in an order dated March 4, 2021, the Supreme Court, among other things, granted those branches of the motion of the defendants John J. Capuano and Michelle J. Capuano, and the separate motion of the defendants Anthony M. Capuano and Christopher J. Capuano, which were for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiff appeals.
A "defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see McPhaul-Guerrier v Leppla, 201 AD3d 920, 921; Richardson v Cablevision Sys. Corp., 173 AD3d 1083). "In determining a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party" (Boulos v Lerner-Harrington, 124 AD3d at 709). There can be more than one proximate cause of an accident [*2](see Richardson v Cablevision Sys. Corp., 173 AD3d at 1084; Cox v Nunez, 23 AD3d 427, 427), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889; see Howard v Poseidon Pools, 72 NY2d 972, 974; Richardson v Cablevision Sys. Corp., 173 AD3d at 1083).
When the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe distance, rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle (see Vehicle and Traffic Law § 1129[a]; Quintanilla v Mark, 210 AD3d 713, 713; Comas-Bourne v City of New York, 146 AD3d 855). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence (see Tutrani v County of Suffolk, 10 NY3d 906, 908; Quintanilla v Mark, 210 AD3d at 714; McPhaul-Guerrier v Leppla, 201 AD3d at 921-922). "Although a sudden stop of the lead vehicle may constitute a nonnegligent explanation for a rear-end collision, vehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, 'must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her vehicle and the vehicle ahead'" (Grier-Key v Lyons, 195 AD3d 798, 799, quoting Arslan v Costello, 164 AD3d 1408, 1409-1410; see Quintanilla v Mark, 210 AD3d at 714). "'Evidence that a vehicle was struck in the rear and propelled into the vehicle in front of it may provide a sufficient nonnegligent explanation'" (McPhaul-Guerrier v Leppla, 201 AD3d at 922, quoting Daniel v Ian-Michael, 188 AD3d 1155, 1156). Therefore, in a "chain-collision accident, the defendant operator/owner of the middle vehicle may establish prima facie entitlement to judgment as a matter of law by demonstrating that the middle vehicle was properly stopped behind the lead vehicle when it was struck from behind by the rear vehicle and propelled into the lead vehicle" (McPhaul-Guerrier v Leppla, 201 AD3d at 922 [internal quotation marks omitted]; see Arellano v Richards, 162 AD3d 967, 967-968; Chuk Hwa Shin v Correale, 142 AD3d 518, 519).
Here, the evidence submitted in support of the motion of John J. Capuano and Michelle J. Capuano, which included transcripts of the deposition testimony of John and the plaintiff, established that John safely brought his vehicle to a stop behind the vehicle driven by Christopher J. Capuano, which was either stopped or slowing down due to traffic conditions then existing in the area. The evidence established that while John's vehicle was stopped, it was struck in the rear by the plaintiff's vehicle. The evidence further established that the impact to the rear of John's vehicle propelled that vehicle forward into Christopher's vehicle, which was in front of John's vehicle. This evidence established the prima facie entitlement of John and Michelle to judgment as a matter of law dismissing the complaint insofar as asserted against them, as it demonstrated that neither was at fault in the happening of the accident since their vehicle was stopped due to traffic when it was struck in the rear by the plaintiff's vehicle (see Nicola v Nicolas, 208 AD3d 791, 793; Daniel v Ian-Michael, 188 AD3d at 1156; Bardizbanian v Bhuiyan, 181 AD3d 772, 773).
Anthony and Christopher established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by submitting the same evidence, which demonstrated that neither Christopher nor Anthony were at fault in the happening of the accident (see Nicola v Nicolas, 208 AD3d at 793).
In opposition to those respective prima facie showings, the plaintiff failed to raise a triable issue of fact as to whether John or Christopher was at fault in the happening of the accident. Contrary to the assertions of the plaintiff, his affidavit submitted in opposition to the motions was tailored to raise a triable issue of fact, and merely raised feigned factual issues which were insufficient to defeat the defendants' separate motions for summary judgment (see id. at 793-794).
The plaintiff's remaining contention is without merit, and the remaining alternative contention of Anthony and Christopher has been rendered academic in light of our determination.
DILLON, J.P., RIVERA, MALTESE and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court