Donnellan v LaMarche (2023 NY Slip Op 05713)

Donnellan v LaMarche

2023 NY Slip Op 05713

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2022-03617
 (Index No. 712228/19)

[*1]Scott Donnellan, appellant, 
v
Keith LaMarche, et al., respondents.

Law Offices of Harry C. Demiris, Jr., P.C., Westbury, NY, for appellant.
Goldberg Segalla, LLP, Garden City, NY (Karen Saab-Dominguez and James M. Specyal of counsel), for respondent Quest Diagnostics Incorporated.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered April 29, 2022. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in a motor vehicle accident that occurred on February 27, 2019, on Merrick Road near the intersection of Willoughby Avenue in Nassau County, when a vehicle operated by the defendant Keith LaMarche and allegedly leased by the defendant Quest Diagnostics Incorporated (hereinafter Quest) struck the rear of the plaintiff's vehicle. Thereafter, the plaintiff moved for summary judgment on the issue of liability. In an order entered April 29, 2022, the Supreme Court denied the motion, and the plaintiff appeals.
"'A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle'" (An v Abbate, 213 AD3d 891, 892, quoting Nsiah-Ababio v Hunter, 78 AD3d 672, 672). As such, "a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Genao v Cassetta, 214 AD3d 626, 627 [internal quotation marks omitted]; see Gil v Manhattan Beer Distribs., LLC, 207 AD3d 525, 526). "A nonnegligent explanation may include a mechanical failure, a sudden, unexplained stop of the vehicle ahead, an unavoidable skidding on wet pavement, or any other reasonable cause" (Tumminello v City of New York, 148 AD3d 1084, 1085; see Lewis v City of New York, 157 AD3d 879, 880).
The emergency doctrine provides that "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are [*2]reasonable and prudent in the emergency context" (Rivera v New York City Tr. Auth., 77 NY2d 322, 327). However, the emergency doctrine does not apply where "the party seeking to invoke it created or contributed to the emergency" (Mead v Marino, 205 AD2d 669, 669; see Pearson v Northstar Limousine, Inc., 123 AD3d 991, 991-992).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating that his vehicle was stopped when it was struck in the rear by the defendants' vehicle (see An v Abbate, 213 AD3d at 892; Munoz v Agenus, Inc., 207 AD3d 643, 645; Newfeld v Midwood Ambulance & Oxygen Serv., Inc., 204 AD3d 813, 814).
In opposition, the defendants failed to raise a triable issue of fact (see Balgobin v McKenzie, 213 AD3d 893, 894; An v Abbate, 213 AD3d at 892). Contrary to Quest's contention, LaMarche's assertion that he tried to apply the brakes on his vehicle to avoid a collision with the plaintiff's vehicle, but his foot slipped off the brake pedal due to rocks and pebbles under the floor mat, was insufficient to raise a triable issue of fact as to as to whether there was a nonnegligent explanation for the happening of the accident, or whether the emergency doctrine applied (see Capuozzo v Miller, 188 AD3d 1137, 1138; Mead v Marino, 205 AD2d at 669; see generally Vidal v Tsitsiashvili, 297 AD2d 638, 638).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability.
DILLON, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court