Abramov v Martinez (2024 NY Slip Op 00885)

Abramov v Martinez

2024 NY Slip Op 00885

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2022-07663
 (Index No. 151435/21)

[*1]Dmitriy Abramov, respondent, 
v
Siera M. Martinez, et al., appellants (and a third-party action).

Dennis C. Bartling, Melville, NY (Martha E. Donovan and Melissa A. Marano of counsel), for appellants.
Cherny & Podolsky PLLC, Brooklyn, NY (Mari Milorava-Kelman and Steven V. Podolsky of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an amended order of the Supreme Court, Richmond County (Ralph J. Porzio, J.), dated August 9, 2022. The amended order, insofar as appealed from, granted the plaintiff's cross-motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence.
ORDERED that the amended order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's cross-motion which was for summary judgment dismissing the defendants' affirmative defense alleging comparative negligence, and substituting therefor a provision denying that branch of the cross-motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On May 10, 2021, an accident occurred involving three vehicles. The lead vehicle was operated by the third-party defendant, Igor Ziskin. The middle vehicle was operated by the plaintiff. The rearmost vehicle was owned by the defendants Siera M. Martinez and Anthony Martinez and operated by the defendant Victor A. Rita, Jr. The plaintiff commenced this action against the defendants to recover damages for personal injuries that he allegedly sustained as a result of the accident. The defendants commenced a third-party action against Ziskin. The plaintiff cross-moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence, contending that Rita's negligent operation of the defendants' vehicle was the sole proximate cause of the accident. The Supreme Court, inter alia, granted the plaintiff's cross-motion. The defendants appeal.
To be entitled to summary judgment on the issue of a defendant's liability, a plaintiff does not bear the burden of establishing the absence of his or her own comparative negligence (see Rodriguez v City of New York, 31 NY3d 312; Sooklall v Morisseav-Lafague, 185 AD3d 1079, 1081). The issue of a plaintiff's comparative negligence, however, may be decided in the context of a summary judgment motion where the plaintiff moves for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence (see Seizeme v Levy, 208 AD3d [*2]809, 810; Sapienza v Harrison, 191 AD3d 1028, 1029).
"When the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe distance, rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle" (Sougstad v Capuano, 215 AD3d 776, 777; see Vehicle and Traffic Law § 1129[a]; Robinson v New York City Tr. Auth., 213 AD3d 786). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence (see Tutrani v County of Suffolk, 10 NY3d 906, 908; McPhaul-Guerrier v Leppla, 201 AD3d 920, 921-922).
Here, in support of his cross-motion, the plaintiff submitted, inter alia, his affidavit, which established, prima facie, that Rita was negligent in striking the plaintiff's vehicle from the rear and that the plaintiff himself was not comparatively at fault since his vehicle, which was properly stopped behind the lead vehicle for the traffic conditions ahead, was propelled into the lead vehicle after it was struck from the rear by the defendants' vehicle (see Robinson v New York City Tr. Auth., 213 AD3d at 787-788; Nicola v Nicholas, 208 AD3d 791, 793). In opposition, the defendants failed to raise a triable issue of fact as to whether Rita had a nonnegligent explanation for striking the plaintiff's vehicle from the rear (see Capuozzo v Miller, 188 AD3d 1137, 1138; Auguste v Jeter, 167 AD3d 560, 560-561; Mallen v Su, 67 AD3d 974, 975). However, the defendants did raise triable issues of fact as to whether the plaintiff's vehicle struck the lead vehicle before the plaintiff's vehicle was struck in the rear by the defendants' vehicle and whether the plaintiff was comparatively at fault in the happening of the injury-producing event (see Sooklall v Morisseav-Lafague, 185 AD3d at 1082; Gavrilova v Stark, 129 AD3d 907, 909; Thoman v Rivera, 16 AD3d 667, 669).
In light of the above determination, it is not necessary to review the parties' remaining contention.
Accordingly, the Supreme Court properly granted that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability, but it should have denied that branch of the plaintiff's cross-motion which was for summary judgment dismissing the defendants' affirmative defense alleging comparative negligence.
IANNACCI, J.P., WOOTEN, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court