Sroor v Marziano-Fontana (2024 NY Slip Op 03776)

Sroor v Marziano-Fontana

2024 NY Slip Op 03776

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-08591
 (Index No. 150739/22)

[*1]Avi Sroor, et al., plaintiffs, 
v
Luigi Marziano-Fontana, et al., respondents, Deanna Mohamed, appellant.

Nicole Lesperance, Westbury, NY (Andrew Weber of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Deanna Mohamed appeals from an order of the Supreme Court, Richmond County (Lizette Colon, J.), dated September 13, 2022. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against her.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Deanna Mohamed for summary judgment dismissing the complaint and all cross-claims insofar as asserted against her is granted.
This action arises out of a three-vehicle, chain-collision accident that occurred on June 29, 2019, on Richmond Avenue in Staten Island. The defendant Deanna Mohamed, operating a vehicle that she owned, had stopped at a red light at the intersection of Richmond Avenue and Arthur Kill Road. The plaintiff Avi Sroor (hereinafter the injured plaintiff) was operating a vehicle stopped at the light directly behind Mohamed's vehicle. When the light turned green, Mohamed remained stopped because another vehicle had pulled out of an adjacent gas station in front of her and into her lane of travel. Moments after the light changed colors, a vehicle operated by the defendant Stefania Marziano-Fontana and owned by the defendant Luigi Marziano-Fontana (hereinafter together the Fontana defendants) struck the injured plaintiff's vehicle in the rear, propelling it into Mohamed's vehicle.
The injured plaintiff, and his wife suing derivatively, commenced this action, inter alia, to recover damages for personal injuries allegedly sustained by the injured plaintiff as a result of the accident. The Fontana defendants, in their answer to the complaint, asserted cross-claims against Mohamed. Mohamed moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against her. The plaintiffs moved, among other things, for summary judgment on the issue of liability against the Fontana defendants. By order dated September 13, 2022, the Supreme Court denied both Mohamed's motion and the plaintiffs' motion. Mohamed appeals from so much of the order as denied her motion.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Sougstad v Capuano, 215 AD3d 776, 776 [internal quotation marks omitted]). "A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Graham [*2]v New York City Tr. Auth., 219 AD3d 1316, 1317 [internal quotation marks omitted]). "A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonngeligent explanation for the collision to rebut the inference of negligence" (Nicola v Nicolas, 208 AD3d 791, 793 [internal quotation marks omitted]). "A nonnegligent explanation may include a mechanical failure, a sudden, unexplained stop of the vehicle ahead, an unavoidable skidding on wet pavement, or any other reasonable cause" (Donnellan v LaMarche, 221 AD3d 783, 784 [internal quotation marks omitted]).
Here, Mohamed established her prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross-claims insofar as asserted against her. In support of her motion, Mohamed submitted an affidavit wherein she averred, inter alia, that her vehicle had been completely stopped for approximately one minute when it was struck in the rear by the injured plaintiff's vehicle, thereby demonstrating that she was not at fault in the happening of the accident (see Sougstad v Capuano, 215 AD3d at 776-778; Robinson v New York City Tr. Auth., 213 AD3d 786, 788; Nicola v Nicolas, 208 AD3d at 793). Mohamed also submitted a certified police report, which corroborated certain statements in her affidavit (see Orlando v Gonzalez, 222 AD3d 989, 990; Newkirk v Safe Coach Bus, Inc., 218 AD3d 477, 478; Yassin v Blackman, 188 AD3d 62, 65-67).
In opposition, the Fontana defendants failed to raise a triable issue of fact as to whether Mohamed was at fault in the happening of the accident (see Nicola v Nicolas, 208 AD3d at 793). The Fontana defendants' assertion, made in an affirmation from their attorney without evidentiary support, that Mohamed was comparatively at fault in causing the accident was insufficient to defeat Mohamed's prima facie showing of entitlement to judgment as a matter of law (see Whaley v Carvana N.Y. City, 219 AD3d 1561, 1563; Lampkin v Chan, 68 AD3d 727, 727-728). The Fontana defendants did not, for example, submit an affidavit from Stefania Marziano-Fontana to potentially raise a triable issue of fact as to whether an unexplained stop on the part of Mohamed played a causal role in the accident (see Donnellan v LaMarche, 221 AD3d at 784; Edwards v Cheezwhse Com, Inc., 210 AD3d 952, 953). Moreover, contrary to the contention raised in the Fontana defendants' opposition papers, Mohamed's motion for summary judgment was not premature, as the Fontana defendants "failed to demonstrate how discovery may reveal or lead to relevant evidence, or that facts essential to opposing the motion were exclusively within another party's knowledge and control" (Martens v County of Suffolk, 100 AD3d 839, 840 [internal quotation marks omitted]; see Edwards v Cheezwhse Com, Inc., 210 AD3d at 953). To the extent that the Fontana defendants contended in their opposition papers that they were entitled to depose the injured plaintiff before opposing Mohamed's motion, this contention was without merit under the circumstances presented, since an affidavit from the injured plaintiff describing the accident, which was submitted in support of the plaintiffs' motion, among other things, for summary judgment on the issue of liability against the Fontana defendants, was before the Supreme Court when it decided Mohamed's motion (cf. Chen v City of New York, 194 AD3d 904, 905). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Yonghong Xia v Zhao Xian Zeng, 219 AD3d 914, 916-917 [internal quotation marks omitted]). Moreover, the plaintiffs did not oppose Mohamed's motion.
Accordingly, the Supreme Court should have granted Mohamed's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against her.
BARROS, J.P., CHAMBERS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court