Holton v New York City Tr. Auth. (2024 NY Slip Op 06032)

Holton v New York City Tr. Auth.

2024 NY Slip Op 06032

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-08658
 (Index No. 710736/19)

[*1]Julian E. Holton, appellant, 
v
New York City Transit Authority, et al., defendants, A. Duie Pyle, Inc., et al., respondents.

Cohen & Cohen Personal Injury Lawyers, P.C., Forest Hills, NY (Albert I. Cohen and Charles Haviv of counsel), for appellant.
Sobel Pevzner, LLC, Huntington, NY (David M. Goldman of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered September 19, 2022. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendants A. Duie Pyle, Inc., and Iurii Doronin.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendants A. Duie Pyle, Inc., and Iurii Doronin is granted.
The plaintiff commenced this action against, among others, the defendants A. Duie Pyle, Inc., and Iurii Doronin (hereinafter together the Duie Pyle defendants) to recover damages for personal injuries she alleged she sustained in December 2018, when she was a passenger in vehicle owned by the defendant New York City Transit Authority, which was involved a collision with two other vehicles. The plaintiff moved, inter alia, for summary judgment on the issue of liability against the Duie Pyle defendants. The Duie Pyle defendants opposed. In an order entered September 19, 2022, the Supreme Court, among other things, denied that branch of the plaintiff's motion. The plaintiff appeals.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nicola v Nicolas, 208 AD3d 791, 792-793 [citations and internal quotation marks omitted]; see O'Hara v Bancker Constr. Corp., 225 AD3d 889, 889). "A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision to rebut the inference of negligence" (Nicola v Nicolas, 208 AD3d at 793 [internal quotation marks omitted]; see Edgerton v City of New York, 160 AD3d 809, 810).
Contrary to the determination of the Supreme Court, here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability against the Duie Pyle defendants through, inter alia, the submission of a transcript of the deposition testimony of Doronin, who testified that the tractor-trailer truck he was driving struck the rear of the stopped vehicle in which the plaintiff was a passenger (see Edgerton v City of New York, 160 AD3d at 810; Cortese v Pobejimov, 136 AD3d 635, 636). "'To be entitled to summary judgment on the issue of a defendant's liability, a plaintiff does not bear the burden of establishing the absence of his or her own comparative negligence'" (Fischetti v Simonovsky, 227 AD3d 670, 671, quoting Abramov v Martinez, 224 AD3d 794, 795). Moreover, the record also demonstrated that the plaintiff was an innocent passenger who did not contribute to the happening of the collision (see Balladares v City of New York, 177 AD3d 942, 944).
In opposition to the plaintiff's prima facie showing, the Duie Pyle defendants failed to raise a triable issue of fact (see Fischetti v Simonovsky, 277 AD3d at 671). The Duie Pyle defendants' contentions as to the happening of the collision did not constitute a nonnegligent explanation as to why the Duie Pyle defendants' vehicle struck the vehicle in which the plaintiff was a passenger (see Edgerton v City of New York, 160 AD3d at 811; Brothers v Bartling, 130 AD3d 554, 556).
Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against the Duie Pyle defendants.
DUFFY, J.P., MILLER, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court