Portorreal v Mann (2025 NY Slip Op 02359)

Portorreal v Mann

2025 NY Slip Op 02359

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-10539
 (Index No. 704672/21)

[*1]Leonardo Portorreal, plaintiff-respondent,
v
Andre W. Mann, defendant-respondent, Md H. Chowdhury, et al., appellants.

Michael Ferro, Melville, NY (Martha E. Donovan and Debra Malone of counsel), for appellants.
Arthur M. Unterman, Brooklyn, NY, for plaintiff-respondent.
James F. Butler, Jericho, NY (Marcella Gerbasi Crewe of counsel), for defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Md H. Chowdhury, Tafazzul Chowdhury, and Halima Rahman appeal from an order of the Supreme Court, Queens County (Pam B. Jackman Brown, J.), entered September 28, 2023. The order denied those defendants' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
ORDERED that the order is reversed, on the law, with one bill of costs, and the motion of the defendants Md H. Chowdhury, Tafazzul Chowdhury, and Halima Rahman for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them is granted.
This action arises out of a three-vehicle accident in which a vehicle owned by the defendant Andre W. Mann and operated by a nonparty collided with a vehicle operated by the defendant Md Tafazzal Chowdhury Hossain Chowdhury, sued herein as Md H. Chowdhury and Tafazzul Chowdhury, which he owned with his wife, the defendant Halima Rahman (hereinafter
together the Chowdhurys). After being struck in the rear by Mann's vehicle, the Chowdhurys' vehicle was propelled into the plaintiff's vehicle. The plaintiff commenced this action to recover damages for personal injuries against Mann and the Chowdhurys. Mann interposed an answer, asserting cross-claims against the Chowdhurys.
The Chowdhurys moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them on the ground that their actions were not a proximate cause of the accident. The plaintiff and Mann separately opposed the Chowdhurys' motion. In an order entered September 28, 2023, the Supreme Court denied the Chowdhurys' motion. The Chowdhurys appeal.
"A defendant moving for summary judgment in a negligence action has the burden [*2]of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Sroor v Marziano-Fontana, 229 AD3d 581, 582 [internal quotation marks omitted]; see McPhaul-Guerrier v Leppla, 201 AD3d 920, 921). "In a chain collision accident, the operator of the middle vehicle may establish prima facie entitlement to judgment as a matter of law by demonstrating that the middle vehicle was properly stopped behind the lead vehicle when it was struck from behind by the rear vehicle and propelled into the lead vehicle" (Graham v New York City Tr. Auth., 219 AD3d 1316, 1317 [internal quotation marks omitted]; see Robinson v New York City Tr. Auth., 213 AD3d 786, 787).
Here, the Chowdhurys demonstrated, prima facie, that their vehicle had been stopped 5 to 10 feet behind the plaintiff's vehicle for approximately five seconds when their vehicle was struck from behind and propelled into the plaintiff's vehicle. The Chowdhurys thus established their prima facie entitlement to judgment as a matter of law (see Graham v New York City Tr. Auth., 219 AD3d at 1317; Robinson v New York City Tr. Auth., 213 AD3d at 788; Nicola v Nicolas, 208 AD3d 791, 793).
In opposition, the plaintiff and Mann failed to raise a triable issue of fact (see Bardizbanian v Bhuiyan, 181 AD3d 772). The plaintiff likewise failed to demonstrate that the Chowdhurys' motion was premature as he "failed to demonstrate how discovery may reveal or lead to relevant evidence, or that facts essential to opposing the motion were exclusively within another party's knowledge and control" (Sroor v Marziano-Fontana, 229 AD3d at 584 [internal quotation marks omitted]).
Accordingly, the Supreme Court should have granted the Chowdhurys' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
DILLON, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court