Radosta v Caronia (2025 NY Slip Op 06883)

Radosta v Caronia

2025 NY Slip Op 06883

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2025-00142
 (Index No. 622341/23)

[*1]Deborah Radosta, respondent, 
v
Darlene Caronia, et al., appellants.

Lewis Johs Avallone Aviles, LLP, Islandia, NY (Amy E. Bedell of counsel), for appellants.
Law Offices of Matthew A. Sosnik P.C. (The Thomas W. Russo Law Firm PLLC, Bronx, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Christopher Modelewski, J.), dated November 25, 2024. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries against the defendants, Darlene Caronia (hereinafter the defendant driver) and Louis Caronia, alleging that a vehicle the plaintiff was operating was struck in the rear by a vehicle operated by the defendant driver. Subsequently, the plaintiff moved, inter alia, for summary judgment on the issue of liability. In an order dated November 25, 2024, the Supreme Court, among other things, granted that branch of the plaintiff's motion. The defendants appeal.
"[A] driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Madrigal v Paragon Motors of Woodside, Inc., 236 AD3d 885, 887 [internal quotation marks omitted]; see Vehicle and Traffic Law § 1129[a]; Graham v New York City Tr. Auth., 219 AD3d 1316, 1317). "'A rear end collision with a stopped or stopping vehicle [therefore] establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision to rebut the inference of negligence'" (Madrigal v Paragon Motors of Woodside, Inc., 236 AD3d at 887, quoting Nicola v Nicolas, 208 AD3d 791, 793).
A nonnegligent explanation may include a "'sudden, unexplained stop of the vehicle ahead, an unavoidable skidding on wet pavement, or any other reasonable cause'" (id., quoting Donnellan v LaMarche, 221 AD3d 783, 784). However, "'evidence that the plaintiff's vehicle came to a sudden stop, standing alone, is insufficient to rebut the presumption of negligence of the operator of the rear vehicle'" (Quinones v Grace Indus., LLC, 219 AD3d 765, 766, quoting Pollet v Charyn, 200 AD3d 728, 730-731; see Brothers v Bartling, 130 AD3d 554, 556).
Further, "'[t]he emergency doctrine provides that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context'" (Kinard v New York City Tr. Auth., 233 AD3d 665, 666, quoting Anderson v Metropolitan Transp. Auth., 208 AD3d 742, 743). However, the "'emergency doctrine does not apply where the party seeking to invoke it created or contributed to the emergency'" (Hsin Cheng v Adami, 231 AD3d 718, 719-720, quoting Burgess v Little Wolf Cabinet Shop, Inc., 226 AD3d 957, 958). In general, "'[t]he emergency doctrine does not apply to typical accidents involving rear-end collisions because trailing drivers are required to leave a reasonable distance between their vehicles and vehicles ahead'" (Capuzzo v Miller, 188 AD3d 1137, 1138, quoting Lowhar-Lewis v Metropolitan Transp. Auth., 97 AD3d 728, 729).
Here, the plaintiff established, prima facie, that the defendant driver's negligence was a proximate cause of the accident (see Madrigal v Paragon Motors of Woodside, Inc., 236 AD3d at 885; Quinones v Grace Indus., LLC, 219 AD3d 766). The evidence submitted by the plaintiff in support of her motion, including transcripts of her own deposition testimony and of the defendant driver's deposition testimony established, prima facie, that the plaintiff's vehicle was at a complete stop when the vehicle operated by the defendant driver struck the rear of the plaintiff's vehicle.
In opposition, the defendants failed to raise a triable issue of fact as to whether there was a nonnegligent explanation for the happening of the accident or whether the emergency doctrine applied to this case (see Madrigal v Paragon Motors of Woodside, Inc., 236 AD3d at 887; Kinard v New York City Tr. Auth., 233 AD3d at 666).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
BRATHWAITE NELSON, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court