■ LYUDMILA UVAYDOVA, Appellant, v J.W.P. WELSBACH ELECTRIC CORP. et al., Defendants, and YONKERS CONTRACTING COMPANY, Respondent. [713 NYS2d 750] —In an action to recover damages for personal injuries and wrongful death, etc., the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated December 10, 1998, as granted that branch of the motion of the defendant Yonkers Contracting Company which was for summary judgment dismissing the amended verified complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion is denied.

On December 30, 1992, the plaintiff's decedent, Rafael Iskhakov, was struck and killed by a motor vehicle as he crossed Van Dam Street at its intersection with Bradley Avenue in Queens. The plaintiff alleges that the accident occurred due to a malfunctioning temporary traffic light at this intersection. The defendant Yonkers Contracting Company (hereinafter Yonkers) was retained by the New York State Department of Transportation (hereinafter the DOT) for a roadway rehabilitation project. As part of the project, Yonkers was to install a temporary traffic light at this intersection.

Yonkers moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it on the ground that the contract with the DOT imposed no duty to the plaintiff's decedent. The Supreme Court granted the motion, and we reverse.

The duties imposed upon Yonkers under its contract with the DOT were comprehensive and included all responsibility for the temporary traffic signals installed at the site as well as the responsibility to "[p]rovide adequate protection for pedestrian traffic during all phases of construction". Thus, it is reasonable to conclude that Yonkers's responsibilities were not only for compliance with the contractual undertakings, but also for the broader purpose of ensuring the safety of the public (see, Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579). The reasonable expectation of pedestrians that the temporary

traffic signal would be maintained so as to permit safe passage is consonant with the expectation of Yonkers regarding its duty under the contract (*see, Palka v Servicemaster Mgt. Servs. Corp., supra*). Ritter, J. P., Thompson and McGinity, JJ., concur.

Santucci, J., dissents and votes to affirm the order insofar as appealed from, with the following memorandum: In my opinion the Supreme Court properly granted summary judgment to Yonkers Contracting Company (hereinafter Yonkers) dismissing the complaint insofar as asserted against it. It is well settled that a defendant may be held liable in negligence only when it breaches a duty owed to the plaintiff (*see, Strauss v Belle Realty Co.,* 65 NY2d 399). Thus, a duty of reasonable care owed by a tortfeasor to an injured party is elemental to any recovery in negligence (*see, Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579, 584, citing *Eiseman v State of New York,* 70 NY2d 175, 187; *Turcotte v Fell,* 68 NY2d 432, 437; *Pulka v Edelman,* 40 NY2d 781).

As noted by the majority, the plaintiff alleges that the accident in which the plaintiff's decedent was fatally injured occurred as a result of an alleged malfunctioning temporary traffic light signal located at an intersection which was being reconstructed. However, although Yonkers was responsible for the installation of the traffic light in accordance with its contract with the State, it did not owe any duty to the decedent, a member of the general public (*see, Daddio v American Golf Corp.,* 238 AD2d 301; *Pizzaro v City of New York,* 188 AD2d 591; *Francois v New York City,* 161 AD2d 319). Nor was such a duty created solely because the contract stated that Yonkers was to "[p]rovide adequate protection for pedestrian traffic during all phases of construction". The functions to be performed by Yonkers in connection with the roadway rehabilitation involved contractual duties owed directly to the State, and only indirectly benefitted an unlimited universe of persons—i.e., the general public, be they pedestrians or motorists. Here, the plaintiff's decedent was a member of the general public and not part of a known and identifiable group to whom a duty of care was owed (*see, Palka v Servicemaster Mgt. Servs. Corp., supra,* at 589).

Accordingly, I vote to affirm the order insofar as appealed from.