Fox v Murgolo (2021 NY Slip Op 00836)





Fox v Murgolo


2021 NY Slip Op 00836


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2019-00434
 (Index No. 701497/14)

[*1]Joann Fox, appellant,
v
William G. Murgolo, et al., defendants, Welsbach Electric Corp., et al., respondents.


The Ashley Law Firm, PLLC (Arnold E. DiJoseph, P.C., New York, NY, of counsel), for appellant.
London Fischer, LLP, New York, NY (Amy M. Kramer of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated November 6, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendants Welsbach Electric Corp. and the City of New York which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Welsbach Electric Corp. and the City of New York which was for summary judgment dismissing the complaint insofar as asserted against them is denied.
This action arises out of a two-vehicle collision that occurred on the evening of December 8, 2012, at an intersection in Queens where the traffic signals were not functioning. Welsbach Electric Corp. and the City of New York (hereinafter together the defendants) moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on the ground that any alleged negligence in the maintenance of the malfunctioning traffic signals was not a proximate cause of the accident. The Supreme Court granted that branch of the motion, and the plaintiff appeals.
"An accident can have more than one proximate cause, and although it is generally for the trier of fact to determine the issue of proximate cause, it may be decided as a matter of law where only one conclusion may be drawn from the established facts" (Elusma v Jackson, 186 AD3d 1326, 1328).
Here, although one of the two drivers involved in the accident testified at his deposition that he was aware of the malfunctioning traffic signal as he approached the intersection, the driver of the second vehicle testified at his deposition that he was unaware of the malfunctioning traffic signal, which was completely dark, and mistakenly proceeded through the intersection in reliance on a functioning traffic signal at the next intersection, which was green. Thus, the defendants' submissions failed to eliminate all triable issues of fact as to whether the malfunctioning [*2]traffic signal may have caused at least one of the drivers to be confused (compare Kohn v City of New York, 69 AD3d 463, with Gomez v Santiago, 135 AD3d 666, and Bisceglia v International Bus. Machs., 287 AD2d 674). Accordingly, the defendants failed to establish their prima facie entitlement to summary judgment, and that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them should have been denied without regard to the sufficiency of the plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CHAMBERS, J.P., AUSTIN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court