Galloway v Lux Credit Consultants, LLC (2024 NY Slip Op 01003)

Galloway v Lux Credit Consultants, LLC

2024 NY Slip Op 01003

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-10059
 (Index No. 513898/21)

[*1]William G. Galloway, appellant, 
v
Lux Credit Consultants, LLC, et al., respondents.

Kahn Gordon Timko & Rodriques, P.C., New York, NY (Nicholas I. Timko and Aisha Makhdoom of counsel), for appellant.
Carman, Callahan & Ingham, LLP, Farmingdale, NY (Jonathan D. Silverstein and Anne P. O'Brien of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated November 10, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff allegedly was injured while walking in a bicycle lane when he came into contact with a vehicle owned by the defendant Lux Credit Consultants, LLC, and operated by the defendant Deondre Sergeant. Thereafter, the plaintiff commenced this action to recover damages for personal injuries against the defendants, alleging, inter alia, that the defendants were negligent in the ownership and operation of the subject vehicle.
Subsequently, the defendants moved for summary judgment dismissing the complaint, arguing that the plaintiff's conduct was the sole proximate cause of the accident. By order dated November 10, 2022, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (McPhaul—Guerrier v Leppla, 201 AD3d 920, 921 [internal quotation marks omitted]). "A driver is negligent where he or she failed to see that which, through proper use of his or her senses, the driver should have seen" (Mehta v Keaveney, 216 AD3d 635, 635 [internal quotation marks omitted]). "An accident can have more than one proximate cause, and although it is generally for the trier of fact to determine the issue of proximate cause, it may be decided as a matter of law where only one conclusion may be drawn from the established facts" (Fox v Murgolo, 191 AD3d 765, 766 [internal quotation marks omitted]).
Here, the evidence the defendants submitted in support of their motion, viewed in the light most favorable to the plaintiff, failed to eliminate all triable issues of fact as to whether the defendant driver was free from fault in the happening of the accident (see Mehta v Keaveney, 216 [*2]AD3d at 635; Espiritu v Shuttle Express Coach, Inc., 115 AD3d 787, 789). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint, the Supreme Court should have denied their motion, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of the foregoing, we need not reach the plaintiff's remaining contentions.
BRATHWAITE NELSON, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court