Powell v Perez (2025 NY Slip Op 06347)

Powell v Perez

2025 NY Slip Op 06347

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-11086
 (Index No. 520477/17)

[*1]Donnie Powell, plaintiff-respondent, 
v
Jaime Perez, et al., defendants-respondents, Atlantic Pacific Development Partners, LLP, et al., appellants.

Kennedys CMK, LLP, New York, NY (Hilary Simon of counsel), for appellants.
Salenger, Sack, Kimmel & Bavaro, LLP, Woodbury, NY (Beth S. Gereg and Deborah S. Kurtz of counsel), for plaintiff-respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Stacey L. Seltzer of counsel), for defendants-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Atlantic Pacific Development Partners, LLP, and Noble Construction Group, LLC, appeal from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated October 19, 2023. The order denied the motion of those defendants for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against them.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
On February 17, 2017, the plaintiff, Donnie Powell, driving a box truck, made a delivery on behalf of P.C. Richard's & Sons to a construction site located at 465 Pacific Street in Brooklyn. When the plaintiff arrived at the site, the project manager directed him to park in an unloading zone on Atlantic Avenue. The unloading zone occupied a closed bus lane. The roadway on Atlantic Avenue was separated from the unloading zone by orange and white barricades.
At his deposition, the plaintiff testified that there was not enough room between the truck and the barricades for him to walk on the road, so he stepped out of the truck and walked on top of the barricades to access the back of the truck, with his hands on the truck to balance himself. The plaintiff's coworkers also exited from the driver's side of the truck because the truck's passenger door was blocked. As he walked on the barricades toward the back of the truck, the plaintiff was struck by the right side mirror of a truck traveling on Atlantic Avenue, which was driven by the defendant Jaime Perez and owned by the defendant Mivila Corporation, and the plaintiff fell off of the barricade onto the street.
Thereafter, the plaintiff commenced this action to recover damages for personal injuries against, among others, the defendants Atlantic Pacific Development Partners, LLP, and Noble Construction Group, LLC (hereinafter together the Atlantic defendants). The Atlantic defendants moved for summary judgment dismissing the amended complaint and all cross-claims [*2]insofar as asserted against them, contending that they were not at fault in the happening of the accident. By order dated October 19, 2023, the Supreme Court denied the motion. The Atlantic defendants appeal.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (McPhaul-Guerrier v Leppla, 201 AD3d 920, 921 [internal quotation marks omitted]; see Galloway v Lux Credit Consultants, LLC, 224 AD3d 891, 892). "An accident can have more than one proximate cause, and although it is generally for the trier of fact to determine the issue of proximate cause, it may be decided as a matter of law where only one conclusion may be drawn from the established facts" (Fox v Murgolo, 191 AD3d 765, 766 [internal quotation marks omitted]; see Glover v Teresa Limo, Inc., 229 AD3d 604, 604-605; Galloway v Lux Credit Consultants, LLC, 224 AD3d at 892).
Here, the evidence submitted by the Atlantic defendants in support of their motion, which included, inter alia, a transcript of the plaintiff's deposition testimony, viewed in the light most favorable to the plaintiff, failed to eliminate all triable issues of fact as to whether they were free from fault in the happening of the accident (see Galloway v Lux Credit Consultants, LLC, 224 AD3d at 892) and whether any negligence on their part merely furnished the condition for the accident and was not a proximate cause of the accident (see Hayes v County of Suffolk, 222 AD3d 950, 953). Since the Atlantic defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the amended complaint and all cross-claims insofar as asserted against them, the Supreme Court properly denied their motion, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med Ctr., 64 NY2d 851, 853).
BARROS, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court