McGough v Phillips & Assoc., PLLC (2026 NY Slip Op 00315)

McGough v Phillips & Assoc., PLLC

2026 NY Slip Op 00315

Decided on January 22, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 22, 2026

Before: Manzanet-Daniels, J.P., Webber, Friedman, González, Michael, JJ. 

Index No. 153216/24|Appeal No. 5643|Case No. 2025-03668|

[*1]Meagan McGough, Plaintiff-Appellant,
vPhillips & Associates, PLLC, Defendant-Respondent.

Hegge & Confusione, LLC, New York (Michael Confusione of counsel), for appellant.
Phillips & Associates, Attorneys at Law, PLLC, New York (Kelsey Tubman of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about March 19, 2025, which granted defendant's motion to dismiss the complaint, unanimously modified, on the law, the motion denied as to the tortious interference with prospective business relations claim and as to the portion of the defamation claim premised on statements made out of court, those claims reinstated, and the order otherwise affirmed, without costs.
The abuse of process claim was properly dismissed. The mere commencement of the underlying sexual harassment lawsuit brought against plaintiff in the United States District Court for the Southern District of New York (Hodges v McGough Enterprises LLC, Index No. 7:23-cv-05016) (the Hodges Action), even if filed with a malicious motive, was not an abuse of process, nor has plaintiff alleged any "improper use of the process after it was issued" (see Curiano v Suozzi, 63 NY2d 113, 116-117 [1984]; Sharp v Bar Fluid LLC, 237 AD3d 628, 629 [1st Dept 2025]).
The intentional infliction of emotional distress claim was also properly dismissed, as the commencement of a baseless lawsuit, and even the making of false statements to police resulting in arrest and incarceration, "while not to be condoned, is not so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (Kaye v Trump, 58 AD3d 579, 579 [1st Dept 2009], lv denied 13 NY3d 704 [2009] [internal quotation marks omitted]; see Schnur v Balestriere, 208 AD3d 1117, 1118-1119 [1st Dept 2022]).
Plaintiff has abandoned any separate claim for tortious interference with "advantageous business relationships" insofar as she cites only the standard for tortious interference with prospective business relations in her brief. However, this latter claim was not properly dismissed because, although predicated on the commencement of the Hodges Action and thus falling within the general ambit of the Noerr-Pennington doctrine (see Sutton 58 Assoc. LLC v Pilevsky, 189 AD3d 726, 728 [1st Dept 2020]), plaintiff's allegations that defendant filed the Hodges Action despite its awareness of evidence disproving the allegations therein were sufficient to invoke the "sham exception" to that doctrine (see Matter of People v Northern Leasing Sys., Inc., 169 AD3d 527, 530 [1st Dept 2019]; Singh v Sukhram, 56 AD3d 187, 192 [2d Dept 2008]). The correspondence submitted by defendant in support of its motion to dismiss does not conclusively refute these allegations, which must be taken as true at this stage (see generally Holder v Jacob, 231 AD3d 78, 86-87 [1st Dept 2024]).
The court's dismissal of the defamation claim on the basis of the litigation privilege was correct only insofar as premised on statements made in the complaint (or otherwise to the court) in the Hodges Action (see generally Front, Inc. v Khalil, 24 NY3d 713, 718 [2015]). There is no sham exception to the privilege based on such statements (see Gottwald v Sebert, 40 NY3d 240, 253-54 [2023]). However, to the extent the claim is premised on defendant's alleged circulation of the draft complaint in the Hodges Action to plaintiff's students, such out-of-court statements to persons not related to the litigation are not covered by the privilege (see Aguirre v Best Care Agency, Inc., 961 F Supp 2d 427, 456 [ED NY 2013]; Long v Marubeni America Corp., 406 F Supp 2d 285, 294 [SD NY 2005]). We note that defendant has submitted no proof in support of its assertion that it did not show the draft complaint to anyone but its client or plaintiff's counsel. Although defendant denies showing the draft complaint to anyone other than its client and plaintiff's counsel, it has submitted no proof in support of this assertion.
We decline plaintiff's request for leave to amend, as she has not identified any potentially outcome-changing modifications that she would include in the amendment (see generally CPLR 3025[b]; Aponte v Town of Islip, 236 AD3d 424, 426 [1st Dept 2025]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 22, 2026