Harelick v De La Cruz Lora (2026 NY Slip Op 00315)

Harelick v De La Cruz Lora

2026 NY Slip Op 00315

Decided on January 27, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 27, 2026

Before: Webber, J.P., Gesmer, Higgitt, Michael, Chan, JJ. 

Index No. 31433/17|Appeal No. 5679|Case No. 2025-00708|

[*1]Michael Harelick, Plaintiff-Appellant,
vJose F. De La Cruz Lora et al., Defendants-Respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jack W. Lockwood II of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson (Nicholas P. Calabria of counsel), for City of New York Department of Design and Construction, Deboe Construction Corp. and Hellman Electric Company, respondents.

Order, Supreme Court, Bronx County (John A. Howard-Algarin, J.), entered January 17, 2025, which granted the motion of defendants City of New York Department of Design and Construction, DeBoe Construction Corp., and Hellman Electric Company for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.
Plaintiff alleges that while he was crossing the intersection of 167th Street and the Grand Concourse, he was struck by a vehicle owned and driven by defendant Jose F. De La Cruz Lora. At the time, the City was renovating the Grand Concourse, including the intersection of the Grand Concourse and 167th Street, and the project involved erecting new signs and signals for the intersection. The City contracted the work to defendant Deboe Construction Corp., which in turn subcontracted the work to Hellman Electric Company. Plaintiff alleges that defendants were negligent in their design and construction of the temporary pedestrian signal at the intersection, causing him to cross the street when it was not safe to do so.
Supreme Court should not have dismissed the complaint, as defendants did not sustain their burden of eliminating all material issues of fact. As to the action as against the City, the requirement that the municipality have prior written notice of the alleged defect before it can be held liable for injuries arising from the defect does not apply here (Administrative Code of City of NY § 7-201[c][2]). The prior written notice requirement applies to physical defects such as holes or cracks in the street, not the failure to maintain or install pedestrian signals (see Alexander v Eldred, 63 NY2d 460, 464, 467 [1984]).
In any event, even if the prior written notice requirement did apply, issues of fact exist as to whether the City "created the defect or hazard through an affirmative act of negligence" (Timmons v Praylow, 238 AD3d 473, 474 [1st Dept 2025]). Neither plaintiff's expert nor defendants' expert, both professional engineers, cite a standard or regulation setting forth specific height requirements for temporary pedestrian signals. In addition, the experts disagree as to whether the temporary pedestrian signal was installed at a proper height. The mere fact that defendants did not receive any violations for the temporary pedestrian signal during the renovation project does not establish the absence of negligence as a matter of law, especially because there is no standard directly applicable to this particular claim of negligence (see Hotaling v City of New York, 55 AD3d 396, 398 [1st Dept 2008], affd 12 NY3d 862 [2009]).
An issue of fact also exists as to whether the height or the placement of the signal proximately caused plaintiff's accident. Although defendants' expert opined that the temporary pedestrian signal would have been within plaintiff's field of view, plaintiff testified that he remembered looking for a signal and not seeing one. Plaintiff's testimony, together with the conflicting expert opinions as to whether the pedestrian signal was installed at a proper height, is sufficient to raise a triable issue of fact as to the City's negligence (see Fox v Murgolo, 191 AD3d 765, 766 [2d Dept 2021]).
Dismissal of the complaint as against DeBoe and Hellman is also not warranted, as issues of fact exist as to whether they launched a force or instrument of harm by improperly installing the temporary pedestrian signal (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]; McDowell v Xand Holdings, LLC, 172 AD3d 547, 547 [1st Dept 2019]). Moreover, because the renovation project contract required the contractors to submit a safety plan including "[p]ublic and pedestrian safety," and made them responsible for "the safety of both pedestrian and vehicular traffic for the duration of the contract," the record presents an issue of fact as to whether DeBoe and Hellman's responsibilities included the broader purpose of ensuring the public's safety (see Uvaydova v Welsbach Elec. Corp., 275 AD2d 776, 776-777 [2d Dept 2000]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2026