Daniel v Ian-Michael (2020 NY Slip Op 07034)





Daniel v Ian-Michael


2020 NY Slip Op 07034


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-06853
 (Index No. 506376/15)

[*1]Alicia Daniel, appellant, 
v
Jordan Ian-Michael, et al., respondents, et al., defendants. Bryan Barenbaum, Brooklyn, NY (Huy [Tom] Le of counsel), for appellant.


Martin Fallon & Mullé, Huntington, NY (Richard C. Mullé of counsel), for respondent Jordan Ian-Michael.
James G. Bilello, Hicksville, NY (Yamile Al-Sullami of counsel), for respondent Leon Serrett.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated April 17, 2019. The order granted the separate motions of the defendants Leon Serrett and Jordan Ian-Michael for summary judgment dismissing the complaint insofar as asserted against each of them, and denied the plaintiff's cross motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with one bill of costs.
The instant action arises out of a four-car accident that occurred in the early morning hours of June 1, 2014, in the left lane of the westbound Belt Parkway in Queens. A vehicle, owned by the defendant Jordan Ian-Michael and operated by Linus Elie, lost power and came to a stop in the left lane. A second vehicle, owned and operated by the defendant Leon Serrett, came to a stop directly behind Ian-Michael's vehicle. Serrett's vehicle was then struck from behind by a third vehicle, operated by the defendant Ricky Nelson, and was propelled into the rear of Ian-Michael's vehicle. Nelson's vehicle was struck from behind by a fourth vehicle, owned and operated by the plaintiff.
Subsequently, the plaintiff commenced this action to recover damages for personal
injuries she allegedly sustained in the accident. Serrett and Ian-Michael separately moved for summary judgment dismissing the complaint insofar as asserted against each of them, and the plaintiff cross-moved for summary judgment on the issue of liability, arguing that she was "free from comparative negligence in the cause of the accident." In the order appealed from, the Supreme Court granted the separate motions of Serrett and Ian-Michael, and denied the plaintiff's cross motion. The plaintiff appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709). Here, in support of his motion, Ian-Michael established his prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the reason for his vehicle's loss of power was non-negligent, and was not the result of a foreseeable problem of his own making (cf. Marsicano v Fabrizio, 61 AD3d 941; Gregson v Terry, 35 AD3d 358, 360-361). Further, Ian-Michael demonstrated that Elie exercised reasonable [*2]care in warning other drivers of the hazard posed by his disabled vehicle prior to the accident (cf. Marsicano v Fabrizio, 61 AD3d at 941). In opposition, the plaintiff failed to raise a triable issue of fact.
"Evidence that a vehicle was struck in the rear and propelled into the vehicle in front of it may provide a sufficient non-negligent explanation" for the collision (Williams v Sala, 152 AD3d 729, 729 [internal quotation marks omitted]). Thus, "[i]n a chain collision accident, the operator of the middle vehicle may establish prima facie entitlement to judgment as a matter of law by demonstrating that the middle vehicle was properly stopped behind the lead vehicle when it was struck from behind by the rear vehicle and propelled into the lead vehicle" (Chuk Hwa Shin v Correale, 142 AD3d 518, 519; see Bardizbanian v Bhuiyan, 181 AD3d 772, 772-773). Here, in support of his motion, Serrett submitted evidence that he safely brought his vehicle to a stop behind Ian-Michael's vehicle and that while Serrett's vehicle was stopped, it was struck in the rear by a vehicle operated by Nelson. The impact propelled Serrett's vehicle forward into Ian-Michael's vehicle. Under the circumstances, Serrett established his prima facie entitlement to judgment as a matter of law by demonstrating that he was not at fault in the happening of the accident (see Bardizbanian v Bhuiyan, 181 AD3d at 773). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's cross motion was made more than 60 days after the note of issue was filed and therefore was untimely (see Grande v Peteroy, 39 AD3d 590, 591). Contrary to the plaintiff's contention, her cross motion did not raise "nearly identical" issues with those raised in the timely Jordan and Serrett motions (cf. id. at 591).
Accordingly, we agree with the Supreme Court's determination granting the separate motions of Ian-Michael and Serrett for summary judgment dismissing the complaint insofar as asserted against each of them, and denying the plaintiff's cross motion for summary judgment on the issue of liability.
BALKIN, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court