Polonia v Frasca (2022 NY Slip Op 05103)

Polonia v Frasca

2022 NY Slip Op 05103

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH A. ZAYAS
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2020-07528
 (Index No. 715694/18)

[*1]Rafael Polonia, appellant, 
v
Francesco Frasca, defendant, Steve Laris, respondent.

Krentsel Guzman Herbert, LLP, New York, NY (Marcia K. Raicus of counsel), for appellant.
Michael Ferro, Westbury, NY (Patricia McDonagh of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Richard G. Latin, J.), entered September 28, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendant Steve Laris which was for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when the vehicle he was operating was struck in the rear by a vehicle operated by the defendant Steve Laris. At the time of the accident, the plaintiff had been stopped at a red light. Laris was stopped behind the plaintiff when a third vehicle, operated by the defendant Francesco Frasca, struck Laris's vehicle from behind, propelling it into the plaintiff's vehicle.
The plaintiff commenced this action to recover damages for personal injuries against Laris and Frasca. After the completion of discovery, Laris moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him. By order entered September 28, 2020, the Supreme Court, among other things, granted that branch of the motion. The plaintiff appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709). "A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision to rebut the inference of negligence" (Jimenez v Ramirez, 171 AD3d 902, 903; see Mihalatos v Barnett, 175 AD3d 492, 493). "Evidence that a vehicle was struck in the rear and propelled into the vehicle in front of it may provide a sufficient non-negligent explanation for the collision" (Daniel v Ian-Michael, 188 AD3d 1155, 1156 [internal quotation marks omitted]; see McPhaul-Guerrier v Leppla, 201 AD3d 920, 922).
Contrary to the plaintiff's contention, Laris established, prima facie, the existence of a nonnegligent explanation for the collision. Laris demonstrated, through the parties' deposition [*2]testimony, that his vehicle was safely stopped behind the plaintiff's vehicle at a red light, when his vehicle was struck in the rear by Frasca's vehicle and, despite Laris's contrary efforts, his vehicle was propelled into the rear of the plaintiff's vehicle. Thus, Laris demonstrated, prima facie, that he was not at fault in the happening of the accident (see McPhaul-Guerrier v Leppla, 201 AD3d at 922; Daniel v Ian-Michael, 188 AD3d at 1156; Mihalatos v Barnett, 175 AD3d at 493). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of Laris's motion which was for summary judgment dismissing the complaint insofar as asserted against him.
IANNACCI, J.P., ZAYAS, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court