Williams v Isaac (2024 NY Slip Op 00649)

Williams v Isaac

2024 NY Slip Op 00649

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2022-10206
 (Index No. 526153/20)

[*1]Alexander Williams, respondent, 
v
Princius Isaac, appellant.

Nancy L. Isserlis, (The Zweig Law Firm, P.C., Woodmere, NY [Daniel Rifkin], of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated October 26, 2022. The order, insofar as appealed from, denied the defendant's cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action against the defendant to recover damages for personal injuries that he allegedly sustained when a vehicle operated by the defendant struck the rear of a vehicle operated by the plaintiff. The defendant cross-moved for summary judgment dismissing the complaint, contending that his vehicle was propelled into the plaintiff's vehicle while both vehicles were in motion when an unidentified third vehicle struck the rear of the defendant's vehicle. In an order dated October 26, 2022, the Supreme Court, inter alia, denied the defendant's cross-motion. The defendant appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Polonia v Frasca, 208 AD3d 907, 908). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision to rebut the inference of negligence (see Tutrani v County of Suffolk, 10 NY3d 906, 908; Sougstad v Capuano, 215 AD3d 776, 777). "A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]; Yonghong Xia v Zhao Xian Zeng, 219 AD3d 914, 915).
Here, the defendant failed to establish his prima facie entitlement to summary judgment dismissing the complaint. In support of his cross-motion, the defendant submitted an affidavit wherein he averred that his vehicle was moving when the unidentified third vehicle struck his vehicle in the rear, but the defendant failed to address whether he maintained a safe distance from the plaintiff's vehicle under the prevailing traffic conditions. As the defendant failed to provide a [*2]nonnegligent explanation for the collision to rebut the inference of negligence, he failed to demonstrate that he was not at fault in the happening of the accident (see Auguste v Jeter, 167 AD3d 560, 560-561; Mallen v Su, 67 AD3d 974, 975).
Accordingly, the Supreme Court properly denied the defendant's cross-motion for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of the foregoing, the defendant's remaining contention need not be addressed.
BRATHWAITE NELSON, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court