Beltre v Menegos (2024 NY Slip Op 05322)

Beltre v Menegos

2024 NY Slip Op 05322

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-02630
 (Index No. 717303/18)

[*1]Justin Beltre, plaintiff, 
v
Nicoletta Menegos, et al., appellants, Henry Armstrong, et al., respondents.

Carman, Callahan & Ingham, LLP, Farmingdale, NY (Tracy S. Reifer, William A. Healy IV, and Peter Cusumano of counsel), for appellants.
Morris Duffy Alonso Faley & Pitcoff, New York, NY (Ira E. Goldstein, Iryna S. Krauchanka, and Kevin G. Faley of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Nicoletta Menegos and Vasilios Menegos appeal from an order of the Supreme Court, Queens County (Joseph Risi, J.), entered January 30, 2023. The order, insofar as appealed from, upon renewal, adhered to a prior determination in an order of the same court entered April 19, 2021, denying the motion of the defendants Nicoletta Menegos and Vasilios Menegos for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
ORDERED that the order entered January 30, 2023, is reversed insofar as appealed from, on the law, with costs, and, upon renewal, the order entered April 19, 2021, is vacated, and thereupon, the motion of the defendants Nicoletta Menegos and Vasilios Menegos for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them is granted.
This personal injury action arose from a three-vehicle chain collision. The rear vehicle, a bus operated by the defendant Henry Armstrong (hereinafter the bus driver) and owned by the defendants NYC Transit Authority, MTA Bus Company, and Metropolitan Transportation Authority (hereinafter collectively the Transit defendants), came into contact with the rear of a vehicle owned by the defendant Vasilios Menegos and operated by the defendant Nicoletta Menegos
(hereinafter together the Menegos defendants), propelling the Menegos defendants' vehicle into the lead vehicle, which was operated by the plaintiff. The plaintiff commenced this action against the Menegos defendants and the Transit defendants to recover damages for personal injuries he allegedly sustained as a result of the accident.
The Menegos defendants moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. In an order entered April 19, 2021, the Supreme Court denied the motion with leave to renew after discovery. In an order entered January 30, 2023, the court, upon renewal, adhered to the prior determination denying the motion. The Menegos defendants appeal from the order entered January 30, 2023.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709). "'A rear-end collision with a stopped or [*2]stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision to rebut the inference of negligence'" (Mihalatos v Barnett, 175 AD3d 492, 493, quoting Jimenez v Ramirez, 171 AD3d 902, 903). "Evidence that a vehicle was struck in the rear and propelled into the vehicle in front of it may provide a sufficient non-negligent explanation for the collision" (Daniel v Ian-Michael, 188 AD3d 1155, 1156 [internal quotation marks omitted]). Thus, in a three-vehicle chain-collision accident, the defendant operator/owner of the middle vehicle "may establish prima facie entitlement to judgment as a matter of law by demonstrating that the middle vehicle was properly stopped behind the lead vehicle when it was struck from behind by the rear vehicle and propelled into the lead vehicle" (id. at 1156 [internal quotation marks omitted]; see Mihalatos v Barnett, 175 AD3d at 493; Arellano v Richards, 162 AD3d 967, 967-968; Chuk Hwa Shin v Correale, 142 AD3d 518, 519).
Here, the Menegos defendants demonstrated, prima facie, that Nicoletta Menegos safely brought her vehicle to a stop behind the plaintiff's vehicle, which was stopped or stopping, and that while stopped, her vehicle was struck in the rear by the bus operated by the bus driver, propelling her vehicle forward into the plaintiff's vehicle. Under these circumstances, the Menegos defendants established, prima facie, that Nicoletta Menegos was not at fault in the happening of the accident (see McPhaul-Guerrier v Leppla, 201 AD3d 920, 921-922; Daniel v Ian-Michael, 188 AD3d at 1156; Mihalatos v Barnett, 175 AD3d at 493). In opposition, the Transit defendants failed to raise a triable issue of fact as to Nicoletta Menegos' negligence in the happening of the accident (see Daniel v Ian-Michael, 188 AD3d at 1156; Arellano v Richards, 162 AD3d at 967-968). Accordingly, upon renewal, the Supreme Court should have granted the Menegos defendants' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
IANNACCI, J.P., MALTESE, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court