Franklyn v Lamalfa (2025 NY Slip Op 05222)

Franklyn v Lamalfa

2025 NY Slip Op 05222

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-01221
 (Index No. 11549/15)

[*1]Quianna Franklyn, appellant, 
v
Daniel Lamalfa, et al., respondents, et al., defendants.

Bergman, Bergman, Fields & Lamonsoff, LLP, Hicksville, NY (Clifford D. Gabel of counsel), for appellant.
Saretsky Katz & Dranoff, LLP, Elmsford, NY (Cary Maynard and Matthew Hughes of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated October 25, 2023. The order granted the motion of the defendants Daniel Lamalfa and State Farm Mutual for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Daniel Lamalfa and State Farm Mutual for summary judgment dismissing the complaint insofar as asserted against them is denied.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained as a result of a motor vehicle collision. The plaintiff's vehicle was struck in the rear by a vehicle operated by the defendant Daniel Lamalfa and owned by the defendant State Farm Mutual. Lamalfa and State Farm Mutual (hereinafter together the moving defendants) moved for summary judgment dismissing the complaint insofar as asserted against them. The moving defendants contended that their vehicle was stopped behind the plaintiff's stopped vehicle, without touching it, when a vehicle operated by the defendant Natalie Celestin struck their vehicle in the rear, causing the moving defendants' vehicle to move forward and strike the rear of the plaintiff's vehicle. In an order dated October 25, 2023, the Supreme Court granted the moving defendants' motion. The plaintiff appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709). A collision with the rear end of a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision to rebut the inference of negligence (see Mihalatos v Barnett, 175 AD3d 492, 493). "Evidence that a vehicle was struck in the rear and propelled into the vehicle in front of it may provide a sufficient non-negligent explanation for the collision" (Daniel v Ian-Michael, 188 AD3d 1155, 1156 [internal quotation marks omitted]). In a chain collision, the operator of the middle vehicle may establish prima facie entitlement to judgment as a matter of law by demonstrating that [*2]the middle vehicle was properly stopped behind the lead vehicle when it was struck from behind by the rear vehicle and propelled into the lead vehicle (see id. at 1156).
Here, the moving defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them, as their submissions failed to eliminate triable issues of fact. Their submissions included a transcript of Celestin's deposition testimony which was to the effect that the moving defendants' vehicle stopped suddenly and her vehicle skidded forward, striking the moving defendants' vehicle, due to slippery road conditions (see Hudgins-Russell v Sharma, 116 AD3d 1004, 1005). The testimony conflicted with Lamalfa's account of how the incident occurred (cf. Choudhary v DiSilvio, 225 AD3d 837, 838).
Since the moving defendants did not sustain their prima facie burden, the Supreme Court should have denied their motion, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., CHRISTOPHER, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court