Bourdier v Metropolitan Transp. Auth. (2025 NY Slip Op 06685)

Bourdier v Metropolitan Transp. Auth.

2025 NY Slip Op 06685

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2021-03866
 (Index No. 708283/16)

[*1]Manuel Bourdier, et al., plaintiffs-respondents,
v
Metropolitan Transportation Authority, et al., appellants, Bart Fanizza, et al., defendants-respondents.

Shein Johnson, P.C., Melville, NY (Susan R. Nudelman and Jeffrey S. Shein of counsel), for appellants Metropolitan Transportation Authority, Empire Paratransit Corporation, and Damien Thomas.
McCabe, Collins, McGeough, Fowler, Levine & Nogan, LLP, Jericho, NY (Patrick M. Murphy and Brian J. McGeough of counsel), for appellant Alicia Barnes.
Bradford Cooke, Corona, NY, for plaintiffs-respondents.
Nancy L. Isserlis (The Zweig Law Firm, P.C., Cedarhurst, NY [Jonah S. Zweig], of counsel), for defendant-respondent William Cheung.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants Metropolitan Transportation Authority, Empire Paratransit Corporation, and Damien Thomas appeal, and the defendant Alicia Barnes separately appeals, from an order of the Supreme Court, Queens County (Karina E. Alomar, J.), entered May 28, 2021. The order, insofar as appealed from by the defendants Metropolitan Transportation Authority, Empire Paratransit Corporation, and Damien Thomas, denied those defendants' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. The order, insofar as appealed from by the defendant Alicia Barnes, denied that defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against her.
ORDERED that the order is affirmed, with one bill of costs to the plaintiffs and the defendant William Cheung, payable by the appellants appearing separately and filing separate briefs.
On July 16, 2015, a five-vehicle accident occurred in the left southbound lane of the FDR Drive. The lead vehicle, an Access-A-Ride vehicle, was operated by the defendant Damien Thomas, an employee of the defendant Empire Paratransit Corporation (hereinafter Empire). The second vehicle was operated by the plaintiff Manuel Bourdier (hereinafter the injured plaintiff). The third vehicle was operated by the defendant Bart Fanizza, the fourth by the defendant Alicia Barnes, and the fifth by the defendant William Cheung.
The injured plaintiff, and his wife suing derivatively, commenced this action against Thomas, Empire, and the defendant Metropolitan Transportation Authority (hereinafter collectively the MTA defendants), as well as Fanizza, Barnes, and Cheung, inter alia, to recover damages for [*2]personal injuries. The MTA defendants moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. Barnes separately moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against her. In an order entered May 28, 2021, the Supreme Court denied the separate motions. The MTA defendants appeal, and Barnes separately appeals.
"A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence" (Abramov v Martinez, 224 AD3d 794, 796; see Tutrani v County of Suffolk, 10 NY3d 906, 908). However, not "every rear-end collision is the exclusive fault of the rearmost driver. The frontmost driver also has the duty not to stop suddenly or slow down without proper signaling so as to avoid a collision" (Timmons v Logan Bus Co., Inc., 229 AD3d 734, 735 [internal quotation marks omitted]; see Conroy v New York City Tr. Auth., 167 AD3d 977, 978). "[W]here the frontmost driver also operates [their] vehicle in a negligent manner, the issue of comparative negligence is for a jury to decide" (Conroy v New York City Tr. Auth., 167 AD3d at 978 [internal quotation marks omitted]; see Carhuayano v J & R Hacking, 28 AD3d 413, 414).
Here, in support of their motion for summary judgment, the MTA defendants submitted, inter alia, a transcript of the deposition testimony of Thomas, who testified that he had brought his vehicle to a gradual stop in response to traffic stopped ahead of him when the injured plaintiff's vehicle came in contact with the rear of Thomas's vehicle. However, the MTA defendants also submitted transcripts of the deposition testimony of the injured plaintiff and Fanizza. The injured plaintiff testified that the traffic in front of Thomas was moving and that Thomas abruptly stopped his vehicle with no apparent explanation. Fanizza testified that he did not recall traffic coming to a stop in front of Thomas prior to the accident. The evidence submitted by the MTA defendants contained conflicting versions of the accident and failed to eliminate triable issues of fact as to whether Thomas negligently caused or contributed to the accident by abruptly stopping his vehicle for no apparent reason (see Tutrani v County of Suffolk, 10 NY3d at 907-908; Rossnagel v Kelly, 177 AD3d 650, 651). Accordingly, the Supreme Court correctly denied the MTA defendants' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
"'Evidence that a vehicle was struck in the rear and propelled into the vehicle in front of it may provide a sufficient non-negligent explanation'" for a rear-end collision (McPhaul-Guerrier v Leppla, 201 AD3d 920, 922, quoting Daniel v Ian-Michael, 188 AD3d 1155, 1156). "Therefore, in a chain-collision accident, the defendant operator/owner of the middle vehicle may establish prima facie entitlement to judgment as a matter of law by demonstrating that the middle vehicle was properly stopped behind the lead vehicle when it was struck from behind by the rear vehicle and propelled into the lead vehicle" (Sougstad v Capuano, 215 AD3d 776, 777 [internal quotation marks omitted]; see Arellano v Richards, 162 AD3d 967, 967-968).
Here, Barnes failed to demonstrate, prima facie, her entitlement to judgment as a matter of law dismissing the complaint and all cross-claims insofar as asserted against her. In support of her motion, Barnes relied on, inter alia, her deposition testimony. At her deposition, Barnes testified that she brought her vehicle to a stop and avoided striking Fanizza's vehicle, but that her vehicle was propelled into Fanizza's vehicle after it was struck in the rear by Cheung's vehicle. However, Barnes also submitted, in support of her motion, transcripts of the deposition testimony of the injured plaintiff, Fanizza, and Cheung. The injured plaintiff testified at his deposition that Fanizza's vehicle struck his vehicle a second time after it was struck by Barnes's vehicle. Fanizza testified at his deposition that Barnes's vehicle struck his vehicle before Cheung's vehicle struck Barnes's vehicle, although Fanizza could not recall if that impact pushed his car forward to hit the injured plaintiff's vehicle a second time. Fanizza further testified that he saw the collision between Cheung's vehicle and Barnes's vehicle and that Barnes's vehicle did not come into contact with his vehicle as a result of that collision. Cheung testified at his deposition that Barnes's vehicle had already struck Fanizza's vehicle by the time Cheung's vehicle struck the rear of Barnes's vehicle. [*3]Barnes's submissions therefore failed to eliminate triable issues of fact as to whether her vehicle struck Fanizza's vehicle and pushed Fanizza's vehicle into the injured plaintiff's vehicle before Cheung's vehicle struck the rear of her vehicle and whether she was at fault in the happening of the accident (see Abramov v Martinez, 224 AD3d at 796; Gavrilova v Stark, 129 AD3d 907, 909). Accordingly, the Supreme Court correctly denied Barnes's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against her, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The MTA defendants' remaining contention is without merit.
GENOVESI, J.P., FORD, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court