Rivera v Rolling Frito-Lay Sales, LP (2026 NY Slip Op 50110(U))

[*1]

Rivera v Rolling Frito-Lay Sales, LP

2026 NY Slip Op 50110(U)

Decided on February 2, 2026

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 2, 2026
Supreme Court, Kings County

Debbie Rivera, Plaintiff,

againstRolling Frito-Lay Sales, LP, STEPHEN RICHARDS, ALLEGIANCE TRUCK LEASING, LLC, MECHANICAL HEATING SUPPLY, INC., MICHAEL YORK, ARKADIUSZ JUSIEGA, KRZYSZTOF STELWACH and ASSEFA MEKURIA, Defendants.

Index No. 515334/2024

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York City (David Umansky of counsel), for Defendants Rolling Frito-Lay Sales, LP and Stephen R. Richards.The Law Office of Eric D. Feldman, New York City (Susan Kaczmarczyk of counsel) for Defendants Allegiance Truck Leasing, LLC and Michael York.Hannum Feretic Prendergast & Merlino, LLC, Long Island City (Jon Pisiewski of counsel) for Defendants Arkadiusz Jusiega and Krzysztof Stelwach.Law Offices of Nancy L. Isserlis, Long Island City (Vlad Bendersky of counsel) & The Newman Firm, LLP, Rego Park (Christopher G. Conway of counsel), for Defendant Assefa Mekuria.

Aaron D. Maslow, J.

The following numbered papers were used on these motions: NYSCEF Document Numbers 61-68, 73-98, 100-159, 167.
Upon the foregoing papers and having heard oral argument, the within motions are determined as follows.
The instant action concerns a motor vehicle accident which occurred on September 21, 2023, on the Prospect Expressway in Brooklyn. Four vehicles were involved. The lead vehicle was owned and operated by Defendant Assefa Mekuria. The second vehicle was owned by Defendant Arkadiusz Jusiega and operated by Defendant Krzysztof Stelwach. The third vehicle was owned by Defendant Allegiance Truck Leasing, LLC and operated by Defendant Michael York. The fourth and rearmost vehicle was owned by Defendant Rolling Frito-Lay Sales, LP [*2]and operated by Defendant Stephen R. Richards. Plaintiff Debbie Rivera was a passenger in the lead vehicle owned and operated by Defendant Assefa Mekuria.
Three motions are before the Court. Motion Sequence No. 2 is a motion by Defendant Mekuria seeking summary judgment dismissing the complaint and all cross-claims against him. Motion Sequence No. 3 is a motion by Defendants Arkadiusz Jusiega and Krzysztof Stelwach seeking summary judgment dismissing all claims against them in the instant action and in another action, Mekuria v Jusiega. Motion Sequence No. 4 is a motion by Defendants Rolling Frito-Lay Sales, LP and Stephen R. Richards denying Defendant Mekuria's motion; it also seeks to strike Defendant Mekuria's cross-claims against movants in the instant action and Defendant Mekuria's claims against movants in another action as a sanction for spoliation of evidence.
In a recent decision of the Appellate Division, Second Department, the Court set forth the law governing multiple-vehicle accidents:
"A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence" (Abramov v Martinez, 224 AD3d 794, 796; see Tutrani v County of Suffolk, 10 NY3d 906, 908). However, not "every rear-end collision is the exclusive fault of the rearmost driver. The frontmost driver also has the duty not to stop suddenly or slow down without proper signaling so as to avoid a collision" (Timmons v Logan Bus Co., Inc., 229 AD3d 734, 735 [internal quotation marks omitted]; see Conroy v New York City Tr. Auth., 167 AD3d 977, 978). "[W]here the frontmost driver also operates [their] vehicle in a negligent manner, the issue of comparative negligence is for a jury to decide" (Conroy v New York City Tr. Auth., 167 AD3d at 978 [internal quotation marks omitted]; see Carhuayano v J & R Hacking, 28 AD3d 413, 414).. . ." 'Evidence that a vehicle was struck in the rear and propelled into the vehicle in front of it may provide a sufficient non-negligent explanation' " for a rear-end collision (McPhaul-Guerrier v Leppla, 201 AD3d 920, 922, quoting Daniel v Ian-Michael, 188 AD3d 1155, 1156). "Therefore, in a chain-collision accident, the defendant operator/owner of the middle vehicle may establish prima facie entitlement to judgment as a matter of law by demonstrating that the middle vehicle was properly stopped behind the lead vehicle when it was struck from behind by the rear vehicle and propelled into the lead vehicle" (Sougstad v Capuano, 215 AD3d 776, 777 [internal quotation marks omitted]; see Arellano v Richards, 162 AD3d 967, 967-968). (Bourdier v Metropolitan Transp. Auth., — AD3d —, 2025 NY Slip Op 06685 [2d Dept 2025].)Only two defendant vehicle operators submitted affirmations. Defendant Mekuria, operating a Tesla, attested to being stopped due to traffic in front of him. While stopped, the vehicle behind him (operated by Defendant Stelwach) hit his vehicle in the rear. There was nothing he could do to have prevented this. He did not stop suddenly.
Defendant Stelwach was operating a Dodge minivan. He had been stopped for at least five seconds when suddenly his vehicle was struck from behind by a large box truck in back of him. He did not stop short, suddenly stop, brake excessively, suddenly accelerate or decelerate, make any sudden lane changes, or take any other action to cause the accident. As a result of being struck in the rear, he was pushed forward into the vehicle in front by the force of the impact. His vehicle was in good working order.
At oral argument, a video taken from the rear of Mekuria's Tesla was played. It evidenced that the Frito-Lay Sales truck hit the vehicle in front of it, causing a chain reaction ending when the Mekuria vehicle was struck. Both the Mekuria and Jusiega-Stelwach vehicles had been stopped before the multi-vehicle collision occurred.
Video evidence of negligence in causing a motor vehicle accident is admissible on a motion for summary judgment (see Silva v Rabbani, 227 AD3d 1026 [2d Dept 2024]; Morocho v Brown, 208 AD3d 777 [2d Dept 2022]). Since Defendant Mekuria was stopped and struck in the rear, as established by his affirmation and the video, he made out a prima facie case of lack of negligence on his part. Nobody submitted sworn or affirmed testimony to rebut this. Defendant Stelwach's affirmation confirmed this. Defendants Frito-Lay Sales and Richards argued that Mekuria's motion was premature in the absence of discovery, especially since the event data recorder was not exchanged by Mekuria. Defendants Frito-Lay Sales and Richards claim that the Tesla model operated by Mekuria had such a device, more commonly known as a "black box." This, in fact, was the basis for Defendants Frito-Lay Sales and Richards' own motion asserting spoliation. The data in the black box concerning the impact might assist said Defendants in providing a defense in this action, they maintained.
Having viewed the video of what transpired, this Court finds that the sole proximate cause of the subject accident was Defendant Richards' ramming into the third vehicle in this line-up of four vehicles; this propelled the Allegiance Truck Leasing-York vehicle into the Jusiega-Stelwach vehicle, in turn propelling the Jusiega-Stelwach vehicle into the Mekuria vehicle.
If indeed there was a black box in Mekuria's Tesla, of which we are not certain — that his Tesla model had a black box was not conclusively established in the motion papers of Defendants Frito-Lay Sales and Richards — it is legally irrelevant. "The sanction of an adverse inference for spoliation of evidence is not warranted when the evidence destroyed is not relevant to the ultimate issues to be determined in the case" (Pennachio v Costco Wholesale Corp., 119 AD3d 662, 665 [2d Dept 2014]). Conceivably, if the black box existed, the data regarding the force of the impact might be relevant were a biomechanical engineering expert to utilize it to determine how much force was felt by Plaintiff for purposes of ascertaining the extent of injuries; it has no relevance to liability.
Defendant Mekuria was not negligent in any manner, and dismissal of all claims against him in this action is warranted (see Bourdier v Metropolitan Transp. Auth., 2025 NY Slip Op 06685; Whaley v Carvana NY City, 219 AD3d 1561 [2d Dept 2023]). This determination is made despite no discovery having taken place, a fact mentioned numerous times by counsel for Defendants Frito-Lay Sales and Richards during oral argument. "[W]hile a party is entitled to a reasonable opportunity to conduct discovery in advance of a summary judgment determination, '[a] party contending that a summary judgment motion is premature must demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant.' " (Quintanilla v Mark, 210 AD3d 713, 714). For example, in Skura v Wojtlowski (165 AD3d 1196 [2d Dept 2018]), it was held, "Here, the plaintiff did not satisfy her burden of demonstrating that the Lehman defendants' cross motion for summary judgment was premature, since "[t]he mere hope or speculation that evidence sufficient to defeat the motion might be uncovered during discovery is an insufficient basis for denying the motion" (id. at 1200). Depositions are not needed in a personal injury action arising out of a motor vehicle accident where opponents of the summary judgment motion have personal knowledge of the facts and fail to meet their obligation of laying [*3]bare their proof and presenting evidence sufficient to raise a triable issue of fact (see Avant v Cepin Livery Corp., 74 AD3d 533 [1st Dept 2020]).
Similarly, Defendant Stelwach's affirmation, coupled with the video, establishes a prima facie case of lack of negligence on his part, in terms of claims alleged by Plaintiff in this action. Nobody has rebutted this with sworn or affirmed testimony. Stelwach's vehicle was struck in the rear and propelled into the Mekuria vehicle in front (in which Plaintiff was a passenger), and this provides Defendants Jusiega and Stelwach with a sufficient non-negligent explanation, relieving them of liability to Plaintiff and warranting dismissal of all claims against them (see Bourdier v Metropolitan Transp. Auth., 2025 NY Slip Op 06685; Fonteboa v Nugget Cab Corp., 123 AD3d 759 [2d Dept 2014]). No relief may be accorded in another action where there is no motion in that action before this Court.
Finally, there is no merit to Defendants Frito-Lay Sales and Richards' stances in their motions that (1) Defendant Mekuria's motion should be denied and, moreover, (2) Mekuria's claims and cross-claims against them should be dismissed due to the non-provision of the black box. As discussed above, the data in the black box is not relevant to the ultimate issue of liability in this case, as (see Pennachio v Costco Wholesale Corp., 119 AD3d at 665). Also, there is no basis for granting relief in another action with respect to non-production of the black box; no motion in the other action is before this Court.
In light of the foregoing, it is hereby ORDERED as follows with respect to the three motions:
(1) Motion Sequence No. 2, a motion by Defendant Assefa Mekuria seeking summary judgment dismissing the complaint and all cross-claims against him is GRANTED. The Clerk shall enter judgment in favor of Defendant Assefa Mekuria accordingly.
(2) Motion Sequence No. 3, a motion by Defendants Arkadiusz Jusiega and Krzysztof Stelwach seeking summary judgment dismissing all claims against them in the instant action and in another action, Mekuria v Jusiega is GRANTED ONLY TO THE EXTENT of dismissing all claims against them in the instant action. The Clerk shall enter judgment in favor of Defendants Arkadiusz Jusiega and Krzysztof Stelwach accordingly. This Court cannot grant relief insofar as it concerns the other action.
(3) Motion Sequence No. 4, a motion by Defendants Rolling Frito-Lay Sales, LP and Stephen R. Richards denying Defendant Mekuria's motion, and seeking to strike Defendant Mekuria's cross-claims against movants in the instant action and Defendant Mekuria's claims against movants in another action as a sanction for spoliation of evidence, is DENIED insofar as this action is concerned; it is DENIED with respect to the other action on the ground that this Court cannot grant relief therein.