Magadino v McCabe

2026 NY Slip Op 02399

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Toni Ann Magadino, appellant,

v

Christopher McCabe, et al., respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2022-00753, (Index No. 617390/18)

Betsy Barros, J.P.

Paul Wooten

Laurence L. Love

Susan Quirk, JJ.

Greunberg Kelly Della (Horn Appellate Group, Brooklyn, NY [Scott T. Horn, Andrew J. Fisher, and Ross Friscia], of counsel), for appellant.

Ahmuty, Demers & McManus, Albertson, NY (Nicholas P. Calabria of counsel), for respondent Christopher McCabe.

Cerussi & Spring, White Plains, NY (Christopher Roberta of counsel), for respondent Brown's of Bellport, Inc.

Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Stuart P. Besen and Daniel T. Wright of counsel), for defendants Francisco X. Silva-Morales and Peter Auto Sales & Service.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (William J. Condon, J.), dated February 1, 2022. The order, insofar as appealed from, granted those branches of the separate motions of the defendant Brown's of Bellport, Inc., and the defendant Christopher McCabe which were for summary judgment dismissing the complaint insofar as asserted against each of them.

ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the defendant Christopher McCabe and the defendant Brown's of Bellport, Inc., payable by the plaintiff.

The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in a three-vehicle chain collision on the Long Island Expressway (hereinafter the LIE). The accident occurred in a portion of the LIE consisting of three westbound travel lanes and a single high occupancy vehicle lane (hereinafter the HOV lane) to the left of the three travel lanes. The plaintiff was operating her vehicle in the left-most non-HOV lane when the vehicle in front of her, operated by the defendant Christopher McCabe and owned by the defendant Brown's of Bellport, Inc. (hereinafter Brown's), swerved into the HOV lane. The plaintiff was unable to slow her vehicle and struck a stopped truck and trailer operated by the defendant Francisco X. Silva-Morales and owned by the defendant Peter Auto Sales & Service in the rear, propelling that vehicle into a vehicle owned and operated by the defendant Robert Seeger. Thereafter, Brown's and McCabe separately moved, among other things, for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated February 1, 2022, the Supreme Court, inter alia, granted those branches of the separate motions. The plaintiff appeals.

"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Beltre v Menegos, 231 AD3d 1106, 1107). "'Evidence of negligence is not enough by itself to establish liability. It must also be proved that the negligence was the cause of the event which produced the harm sustained by one who brings the complaint'" (Kouzine v Strutsinskiy, 241 AD3d 810, 811, quoting Sheehan v City of New York, 40 NY2d 496, 501). Thus, "liability may not be imposed upon a party who 'merely furnished the condition or occasion for the occurrence of the event,' but was not one of its causes" (id. [internal quotation marks omitted], quoting Sheehan v City of New York, 40 NY2d at 503). "A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Ordonez v Lee, 177 AD3d 756, 757 [internal quotation marks omitted]; see Vehicle and Traffic Law § 1129[a]). As such, "[a] rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Fischetti v Simonovsky, 227 AD3d 670, 671 [internal quotation marks omitted]).

Here, Brown's and McCabe each established, prima facie, that McCabe avoided being struck in the rear by the plaintiff's vehicle by accelerating left into the HOV lane and that the plaintiff was negligent in the operation of her vehicle by striking the vehicle operated by Silva-Morales, which had been fully stopped for 30 seconds, in the rear. Any purported negligence by McCabe in swerving to avoid an accident was not the proximate cause of the accident but merely furnished the condition or occasion for it (see Kouzine v Strutsinsky, 241 AD3d 810; Lancer Ins. Co. v Cortes, 208 AD3d 1176). Under these circumstances, Brown's and McCabe each established, prima facie, that McCabe was not at fault in the happening of the accident (see Beltre v Menegos, 231 AD3d at 1108; McPhaul-Guerrier v Leppla, 201 AD3d 920, 921-922; Daniel v Ian-Michael, 188 AD3d 1155, 1156). In opposition, the plaintiff failed to raise a triable issue of fact as to McCabe's negligence in the happening of the accident (see Daniel v Ian-Michael, 188 AD3d at 1156; Arellano v Richards, 162 AD3d 967, 967-968).

Inasmuch as McCabe established that he is not liable to the plaintiff, Brown's cannot be held liable under any theory of vicarious liability (see Hannen v Nici, 230 AD3d 1118, 1120).

Accordingly, the Supreme Court properly granted those branches of the separate motions of Brown's and McCabe which were for summary judgment dismissing the complaint insofar as asserted against each of them.

BARROS, J.P., WOOTEN, LOVE and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court